SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL Bar No. 99802
CHRISTOPHER KELLER Bar No. 178491
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
    email: rebecca.hull@sdma.com
    email: christopher.keller@sdma.com
Attorneys for Defendant
KAISER PERMANENTE FLEXIBLE
BENEFITS PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GRACEY,<br><br>  Plaintiff,<br><br>  v.<br><br>KAISER PERMANENTE FLEXIBLE BENEFITS PLAN,<br><br>  Defendant. | CASE NO. C 07-03853 (VRW)<br><br>**DEFENDANT KAISER PERMANENTE FLEXIBLE BENEFITS PLAN'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Kaiser Permanente Flexible Benefits Plan ("the Plan") submits this answer to the complaint of Plaintiff Donald Gracey ("Gracey"), and respond as follows:

1. To the extent paragraph 1 of the Complaint consists of legal conclusions, the Plan is not required to respond. To the extent a response is required, the Plan admits that Plaintiff makes a claim for benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and that this Court has jurisdiction over the matter. Any remaining factual allegations in paragraph 1 of the Complaint are denied.

2. To the extent paragraph 2 of the Complaint consists of legal conclusions, the Plan is not required to respond, except that the Plan does not dispute that venue is proper. The Plan

1  has no information sufficient to form a belief as to Gracey's present residence, and on that basis
2  denies any such allegation. The Plan denies all other facts and allegations made in paragraph 2
3  of the Complaint and the Plan expressly denies that any "breaches" occurred in this District or
4  elsewhere.

5      3.    Paragraph 3 of the Complaint consists of legal conclusions to which the Plan is
6  not required to respond, except that the Plan does not dispute that the action should be assigned
7  to the San Francisco or Oakland Division of the Court. To the extent that paragraph 3 of the
8  Complaint is deemed factual in nature, such allegations are denied and the Plan expressly denies
9  that any "breaches" occurred in Contra Costa County or elsewhere.

10     4.    To the extent that paragraph 4 of the Complaint consists of legal conclusions, the
11 Plan is not required to respond. To the extent that paragraph 4 consists of factual allegations, the
12 Plan lacks information sufficient to form a belief as to Gracey's current residence and on that
13 basis denies such allegations. The Plan admits that Kaiser Foundation Health Plan, Inc. is the
14 sponsor of the Plan, that Gracey at certain relevant times was a participant of the Plan subject to
15 all terms and conditions of the Plan, and that the Plan provides long term disability ("LTD")
16 coverage to eligible participants thereof. Except as expressly admitted herein, the allegations of
17 paragraph 4 are denied.

18     5.    To the extent that paragraph 5 of the Complaint consists of legal conclusions, the
19 Plan is not required to respond. The Plan states that Gracey at certain relevant times was a
20 participant of the Plan subject to all terms and conditions of the Plan, that the Plan provides long
21 term disability ("LTD") coverage to eligible participants thereof, that Plan benefits are funded by
22 a group policy of LTD insurance issued by Metropolitan Life Insurance Company ("MetLife"),
23 and that MetLife is the Plan's claim administrator for LTD benefits. Except as expressly stated
24 herein, the factual allegations of paragraph 5 are denied.

25     6.    Responding to paragraph 6 of the Complaint, the Plan admits that according to
26 documentation submitted with regard to his claim for LTD benefits under the Plan, Gracey
27 worked for Kaiser Foundation Health Plan, Inc. ("employer") at some relevant time as a
28 Construction Project Manager. The remainder of the allegations of paragraph 6 of the

1  Complaint are denied, and the Plan expressly denies that Gracey is or was disabled under the terms of the Plan.

7. Responding to paragraph 7 of the Complaint, the Plan admits that Gracey submitted a claim for LTD benefits under the Plan and asserted that he was disabled under the Plan by reason of various medical conditions reflected in his medical history. Except as stated herein, the allegations of paragraph 7 are denied, and the Plan further denies that the allegations of Paragraph 7 of the Complaint, if proved by Gracey, would be determinative of Gracey's claims in this litigation.

8. Responding to paragraph 8 of the Complaint, the Plan admits that Gracey reported, in connection with his claim, that he received various forms of medical care from time to time, but the Plan lacks information sufficient to form a belief as to the accuracy of the specific allegations of paragraph 8 of the Complaint, and on that basis denies such allegations. The Plan further denies that the allegations of Paragraph 8, if proved by Gracey, would be determinative of Gracey's claims in this litigation.

9. The allegations of paragraph 9 of the Complaint are admitted.

10. To the extent paragraph 10 of the Complaint consists of legal conclusions, the Plan is not required to respond. To the extent that paragraph 10 of the Complaint consists of factual allegations, the Plan admits that Gracey submitted various documents through his medical care givers in support of his claim for LTD benefits under the Plan. Except as expressly admitted, the Plan denies that the allegations in paragraph 10 of the Complaint, and expressly denies that Gracey is or at any relevant time was disabled under the Plan.

11. Responding to paragraph 11 of the Complaint, the Plan admits that MetLife as the LTD claim administrator of the Plan communicated with Gracey by letter on or about September 6, 2006, the terms of which writing speak for themselves, in which MetLife denied Gracey's claim because he had failed to demonstrate that he was disabled under the Plan. Except as expressly admitted herein, the Plan denies the accuracy of Gracey's characterization of MetLife's actions as the Plan's LTD claim administrator, disputes the validity of the arguments made in paragraph 11, and disputes the explicit and implicit factual assertions therein other than as set

1  forth above. The Plan expressly denies that Gracey is or at any relevant time was disabled under
2  the Plan. To the extent paragraph 11 of the Complaint consists of legal conclusions, the Plan is
3  not required to respond.

4      12.    To the extent the allegations of paragraph 12 of the Complaint consist of legal
5  conclusions, the Plain is not required to respond. The Plan admits that Gracey appealed the
6  denial of his claim and submitted various forms of documentation in support of his appeal, the
7  contents of which speak for themselves. The Plan denies that Gracey is or at any relevant time
8  was disabled under the Plan. Except as admitted, the explicit and implicit allegations of
9  paragraph 12 are denied, and the Plan further denies that such allegations, if proved by Gracey,
10  would be determinative of Gracey's claims in this litigation.

11      13.    The Plan admits that MetLife as the LTD claim administrator of the Plan
12  communicated with Gracey by letter dated on or about July 5, 2007, upholding the decision to
13  deny Gracey's claim, the content of which speaks for itself. The Plan denies that the allegations
14  of paragraph 13 fully and fairly reflect the content of such letter, and disputes the arguments
15  made in paragraph 13. The Plan denies all other allegations in Paragraph 13, and expressly
16  denies that Gracey is or at any relevant time was disabled under the Plan.

17      14.    The allegations of paragraph 14 of the Complaint are admitted.

18      15.    Responding to paragraph 15 of the Complaint, the Plan incorporates herein by
19  reference, as though set forth in full, paragraphs 1 through 14 above, inclusive.

20      16.    The Complaint does not include a "paragraph 16." To the extent that paragraph
21  17 of the Complaint contains legal conclusions, the Plan is not required to respond. The Plan
22  denies any factual allegations in paragraph 17 of the Complaint to the extent they may be
23  construed as constituting allegations that Gracey is entitled to relief of any type under the
24  referenced statute.

25      17.    The Plan denies all the allegations in paragraph 18 of the Complaint, and further
26  and expressly denies that Gracey is or may be entitled to recovery or relief of any type or kind by
27  reason of the allegations of the Complaint.

28      18.    In response to Gracey's request for relief, the Plan expressly denies that Gracey is

or may be entitled to attorney fees or to any other form of relief, or to any remedy of any type or in any amount with regard to any matters set forth in the Complaint, and further denies that there is any factual or legal basis on which any dispute between Gracey and the Plan could or should be resolved in favor of Gracey.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and each of them, are barred by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which attorney fees can be awarded.

### FOURTH AFFIRMATIVE DEFENSE

All actions with respect to the matters alleged in the Complaint, if any such actions were taken, were at all times done in good faith and for proper reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with each and all of the terms and conditions of the applicable plan documents and instruments, and for that reason the claims attempted to be stated in the Complaint are not payable.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that any decisions made by the Plan or by others on behalf of the Plan were taken for good cause, were privileged and justified, and were reasonably based on the facts as determined and understood by them, and on the terms and conditions of the Plan documents.

### NINTH AFFIRMATIVE DEFENSE

All of the actions of the Plan and of those persons and entities who acted on behalf of the

1  Plan with regard to any matter as alleged in the complaint, if any, were permitted and/or were
2  required by the applicable law and/or by the terms of the Plan documents.

### TENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims are governed exclusively by ERISA, and all remedies to which he may be entitled, if any, which Defendants deny, are limited to those provided under ERISA. Any state law claims that Plaintiff may be deemed to have asserted or may assert with regard to the allegations in the complaint are preempted by ERISA.

### ELEVENTH AFFIRMATIVE DEFENSE

None of the claims being pursued in the Complaint is payable under the terms and conditions of the Plan.

### TWELFTH AFFIRMATIVE DEFENSE

Any recovery by plaintiff is barred in whole or in part due to his own delay or failure to disclose or provide information pertaining to the allegations in his complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

If plaintiff is entitled to any payment of benefits, which the Plan denies, such payment must be reduced and offset by any other income or benefits, as defined in the applicable plan documents, that were or may be payable to him.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff had failed to set out his claims with sufficient particularity to permit the Plan to raise all appropriate defenses, and the Plan therefore reserves the right to add other and further defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, the Plan prays for relief as follows:

1. That plaintiff take nothing by way of his complaint;
2. That judgment be entered in favor of the Plan and against Plaintiff;
3. That the Plan be awarded costs of suit incurred in this action;
4. That the Plan be awarded its attorney's fees incurred in this action under 29 U.S.C. section 1132; and

5.   For such other and further relief as the Court deems just and proper.

DATED: Sept. 13, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Rebecca A. Hull
Christopher Keller
Attorneys for Defendant