SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL (CA Bar No. 99802)
CHRISTOPHER J. KELLER (CA Bar No. 178491)
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email: rebecca.hull@sdma.com
christopher.keller@sdma.com

Attorneys for Defendant
KAISER PERMANENTE FLEXIBLE
BENEFITS PLAN

MICHAEL E. KINNEY
California Bar No. 77018
LAW OFFICE OF MICHAEL E. KINNEY
438 First St.
Fourth Floor
Santa Rosa, CA 95401
(707) 527-4141
Fax (707) 579-9561
email: kinney@kinnlaw.com

Attorney for Plaintiff
DONALD GRACEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GRACEY,<br><br>Plaintiff,<br><br>vs.<br><br>KAISER PERMANENTE FLEXIBLE BENEFITS PLAN,<br><br>Defendant.<br>_____________________________/ | No. C 07-03853 VRW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 1, 2007<br>Time: 10:30 a.m.<br>Judge: Hon. Vaughn R. Walker<br>Courtroom: 6 |

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff Donald Gracey ("Gracey") and Defendant Kaiser Permanente Flexible Benefits Plan (the "Plan" or "Defendant"), by and through their respective counsel of record, hereby submit this Joint Report.

**1. Jurisdiction and Service.**

This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for long term disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is also predicated under 28 U.S.C. § 1331 - federal question.

**2. Facts.**

**a. Plaintiff's Statement of Facts**

Prior to becoming disabled, Plaintiff worked for Kaiser Foundation Health Plan, Inc. as a Construction Project Manager. This occupation regularly placed Plaintiff in high stress situations.

Plaintiff has a history of multiple medical problems, especially heart problems. His medical history includes congestive heart failure, coronary artery disease, angina, hypertension, dilated cardiomyopathy, and hyperlipidemia. He had bypass surgery followed by repeat cardiac catheterization. In addition, he has received diagnoses of diabetes and diverticulitis.

He also has been diagnosed with obesity and migraine headaches, sleep apnea and a seizure disorder.

On January 16, 2006, Plaintiff was suffering from severe distress and went to the Kaiser Permanente Emergency Room. He complained of back and chest pain, fatigue and shortness of breath, feeling the same as he had when previously diagnosed with a blocked coronary artery. Plaintiff was duly admitted to the hospital and, as a result of his persistent symptoms, was thereafter unable to continue working at his occupation.

Plaintiff duly applied for long term disability insurance benefits from the Plan, and provided with Plan with all information it requested. Plaintiff's physicians at Kaiser Permanente provided the Plan with his Kaiser Permanente medical records showing his many medical problems. Plaintiff's primary care physician at Kaiser further wrote to the Plan that Plaintiff was permanently disabled and not able to return to work.

On or about September 6, 2006, Metropolitan Life Insurance Company ("MetLife"), on behalf of the Plan, wrote to Plaintiff and informed him that his claim for disability insurance

benefits was denied. MetLife advised Plaintiff that in MetLife's opinion Plaintiff was not "disabled" from his primary occupation under the terms of the Plan.

On or about February 27, 2007, Plaintiff timely appealed the decision to deny payment of long term disability insurance benefits. In connection with that appeal, Plaintiff submitted his own statement describing his job duties, the high stress that comes with his occupation, and the effect of the stress on his health. Plaintiff also submitted the statements of his primary care physician at Kaiser, who unequivocally stated that Plaintiff was disabled from performing the duties of his occupation. In addition, Plaintiff submitted a report by Samuel Sobol, M.D., a prominent cardiologist, who had examined Plaintiff, performed cardiological testing, and concluded that Plaintiff is totally and permanently disabled.

On or about July 5, 2007, MetLife denied Plaintiff's appeal.

**b. Defendant's Statement of Facts**

Mr. Gracey was a Project Manager at the Kaiser Foundation. He submitted a claim that asserted that he had become totally disabled from working on January 19, 2006. His claim for long-term disability benefits was denied on March 9, 2007, because the clinical medical information submitted regarding the claim did not show a functional limitation of such severity as to support restrictions and limitations predlucing him from performing his occupation.

Mr. Gracey appealed the denial of his claim. On appeal, his entire file was evaluated by two Independent Physician Consultants ("ICP"). One ICP is Board certified in internal medicine, with a subspecialty certificate in cardiovascular disease. The other IPC is Board certified in neurology. Both opined that Mr. Gracey was not be functionally precluded from working in his light duty occupation. MetLife credited the medical opinions of the IPCs, and determined that the denial of Mr. Gracey's claim was correct, in that he was not disabled under the Plan.

**c. Principal Factual Issues in Dispute**

Whether Mr. Gracey was at the time of his claim disabled from his "own occupation" under the Plan.

**3. Legal Issues.**

A. Whether the claim is subject to *de novo* review due to the Plan's allegedly

improper delegation of decision making authority to MetLife. *See, Shane v. Albertson's Inc. Employees' Disability Plan,* 2007 U.S. App. LEXIS 24092 (9th Cir. Oct. 15, 2007);

B. If *de novo* review does not apply, what level of deference, under the abuse of discretion standard of review, applies under *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en banc*);

C. If abuse of discretion review applies, whether the refusal to provide benefits was an abuse of discretion;

D. If *de novo* review applies, whether Mr. Gracey is entitled to benefits under the terms of the Plan.

**4. Motions Anticipated by the Parties.**

There are no prior or pending motions. Plaintiff anticipates filing a motion to determine the standard of review. Plaintiff also antitipates a motion for summary judgment.

The Plan does not believe that there is any need to separately brief the issue of the standard of review, and suggests that the issue be addressed in the context of cross-motions for summary judgment.

**5. Amendment of Pleadings.**

There are no anticipated amendments to the pleadings.

**6. Evidence Preservation.**

Plaintiff has no electronic documents which require preservation.

The Plan has taken steps to preserve evidence relevant to the issues reasonably evident in this action as of the date when the filing of the litigation was known, and has preserved and will produce through initial disclosures the entire administrative record in this matter.

**7. Disclosures.**

**a. Plaintiff's Disclosure**

By November 2, 2007, Plaintiff will disclose any additional documents which he contends should be included in the administrative record.

**b. Defendant's Disclosure**

Rule 26(a)(1)(E)(i) of the Federal Rules of Civil Procedure explicitly exempts actions for review on an administrative record from initial disclosures. However, in order to avoid unnecessary delay and expense, and without waiving the applicability of Fed. R. Civ. P. 26(a)(1)(E)(i) to the instant case, which will be decided based on review of the administrative record, Defendant will make initial disclosure prior to the case management conference, and will produce the administrative record pertaining to the disability claim that is the subject of this action, as well as Plan documents.

Defendant disputes the propriety of any attempt by Plaintiff to supplement the administrative record by submitting documents not contained within the administrative record. Should Plaintiff intend to seek the Court's leave to supplement the administrative record, Defendant contends that any documents as to which Plaintiff intends to seek such leave should be disclosed simultaneously with Defendant's disclosure.

**8. Discovery.**

Neither party has taken any discovery to date.

**a. Plaintiff's Contentions re Discovery.**

Mr. Gracey intends to conduct discovery, per *Shane v. Albertson's Inc. Employees' Disability Plan*, supra, on the subject of the Plan's delegation to MetLife of the Plan Administrator's duty to make decisions about the Plan and to provide a full and fair review of Plan decisions upon the appeal of a Plan participant. Plaintiff intends to serve written discovery and to take not more than three depositions of individuals familiar with the above issues.

If de novo review is found not to apply to Mr. Gracey's claim, he intends to conduct discovery regarding the standard of review, as permitted by *Abatie*, going to whether the Plan administered Mr. Gracey's claim under a conflict of interest. Specifically, this will include, without being necessarily limited to, (1) any evidence that the Plan "used truly independent medical examiners or a neutral, independent review process; that its employees do not have incentives to deny claims; that its interpretations or the plan have been consistent among patients; or that it has minimized any potential financial gain through structure of its business." *Abatie*,

458 F.3d at 969 n. 7; and (2) approval or disapproval by the California Insurance Commissioner of the MetLife insurance policy connected with the Plan.

Plaintiff intends to serve written discovery and to take not more than five depositions of individuals who are familiar with the above issues.

**b. Defendant's Contentions re Discovery.**

Defendant disputes that discovery is necessary or appropriate in this matter. When, as here, the Plan by its terms extends discretionary authority to the claim administrator (here, Metropolitan Life Insurance Company ["MetLife"]), the decision in issue is reviewed for abuse of discretion on the basis of the administrative record. Because the Court's review is confined to the administrative record, there is no basis for discovery (any matters adduced in discovery, by definition, would be outside the administrative record and thus irrelevant to the question before the Court). Abuse of discretion review is limited to facts set forth in the administrative record. *Taft v. Equitable Life Assurance Society*, 9 F.3d 1469, 1470 (9th Cir. 1993).

Plaintiff's argument that discovery should be permitted with regard to the claim handling process likewise is incorrect, because his own claim either was, or was not, properly decided under the Plan. Any attempt to obtain discovery into the mental processes of the persons who analyzed the claim, and any attempt to obtain discovery about the claims of others, sheds no light at all on that issue, but merely distracts from the issue actually presented. *See Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006). In *Taft*, *supra*, the Ninth Circuit held that discretionary review of a benefit decision is limited to the evidence considered by the Plan. *Id.* at 1471, citing *Jones v. Laborers Health & Welfare Trust Fund*, 906 F.2d 480, 482 (9th Cir. 1990).

As a matter of public policy, the *Taft* court observed that permitting examination of evidence outside the administrative record would open the door to the anomalous conclusion that a fiduciary had abused its discretion by failing to consider evidence not before it. *Id.* at 1472. The *Taft* court explained that permitting introduction of evidence outside the administrative record is inconsistent with the primary goal of ERISA, which is to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Id.*

The Ninth Circuit affirmed its *Taft* holding in *McKenzie v. General Tel. Co.*, 41 F.3d

1310, 1314 (9th Cir. 1994), *cert. denied*, 514 U.S. 1066 (1995). As in *Taft*, the Ninth Circuit held that a court may not consider "new evidence," which was not part of the administrative record. The court also held that under the abuse of discretion standard, a court may review only evidence which was before the fiduciary making the decision. Id. at 1316. The Ninth Circuit in McKenzie thus found that the trial court erred in relying on evidence never presented to the claim fiduciary, which was not in the administrative record but had been submitted directly to the court. Id.; *see also Alford v. DCH Found. Group Long-Term Disability Plan*, 311 F.3d 955, 959 (9th Cir. 2002) (documents neither "presented to" nor "considered by" fiduciary in reaching its claim decision should not be included in the record in district court).

Likewise, there is no basis for broad discovery merely because of a structural conflict which exists due to the fact that MetLife both funded the Plan benefits (through a group policy of insurance) and also made the decision being challenged here. Plaintiff's discussion above fails to articulate anything related to his own claim that so much as suggests that this structural conflict influenced the determination that he did not meet the Plan's definition of disability. Rather, the administrative record will show that Plaintiff's claim was decided consistent with MetLife's fiduciary obligation as claim administrator to conduct itself in accordance with the terms of the Plan and in the interests of all Plan participants as a whole. Certainly, to the extent Plaintiff apperas to be arguing for broad-ranging "insurance bad faith" discovery, his position is unfounded. As is explained in *Semien v. Life Ins. Co. of North America*, 436 F.3d 805 (7th Cir. 2006):

> The reports by the physicians [the claim fiduciary] hired to review Semien's claim demonstrate a thorough consideration of the available information. These physicians found Semien capable of activities that would disqualify her from long-term disability coverage. Although Semien's treating physicians reached different conclusions as to her abilities, under an arbitrary and capricious review, neither this Court, nor the district court, will attempt to make a determination between competing expert opinions. Instead, an "insurer's decision prevails if it has rational support in the record."

*Id. at 812* (quoting *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 409 (7th Cir. 2004); *see also Davis v. Unum Life Ins. Co. of America,* 444 F.3d 569, 579 (7th Cir. 2006) (fiduciary did not abuse its discretion, as the record contained rational support for the denial of benefits).

Any disability claim presents unique facts, and stands or falls on its own merits. Thus, the fact that a different claimant may have received or been denied benefits based upon the specific facts of his or her case, does not and cannot establish whether Plaintiff in this action is entitled to disability benefits based upon this record. As such, discovery regarding the handling of others' claims would be burdensome and contrary to the policy discussed in *Taft*, yet would add nothing meaningful to the discussion of whether Mr. Gracey's claim was properly denied.

In the circumstances of this case, no discovery is necessary or appropriate. Should the Court determine that discovery on the issue of conflict may be conducted, however, any such discovery should at most consist of a limited set of written interrogatories. In no event should the Court permit Plaintiff to conduct depositions or other similarly burdensome discovery.

**9. Class Actions.**

This case has not been pled as a class action.

**10. Related Cases.**

There are no related cases.

**11. Relief.**

**a. Relief Sought by Plaintiff**

Pursuant to his rights under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(1)(1)(B), Mr. Gracey has brought this lawsuit for declaratory, monetary, and injunctive relief under the terms of the Plan. In his Complaint , Mr. Gracey prays for the Court to "[d]eclare that Defendant violated the terms of the Plan and Plaintiff's rights thereunder by failing to pay Plaintiff's long term disability insurance benefits;" and to "[o]rder Defendant to pay Plaintiff's benefits pursuant to the terms of the long term disability insurance policy from January 18, 2006 onward together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein. Plaintiff also claims entitlement to attorneys' fees and costs of suit.

**b. Relief Sought by Defendant.**

Defendant seeks judgment and dismissal with prejudice of this matter, and any reimbursement of attorneys' fees and cost permissible under the law.

**12. Settlement and ADR.**

The parties through their counsel have discussed ADR, and have agreed to private mediation to take place within the next six months. The Court has so ordered.

**13. Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge for trial.

**14. Other References.**

This case is not suitable for, nor do the parties consent to, reference to binding arbitration or a special master. This case is not properly referable to the Judicial Panel on Multi-district Litigation.

**15. Narrowing of Issues.**

The issue of the applicable standard of review that the Court should apply to Plaintiff's claim is one which can be narrowed either by agreement or by motion.

As noted above, Plaintiff proposes a separate motion on that issue, whereas Defendant believes that the issue may be more expeditiously addressed as part of cross-motions for summary judgment.

**16. Expedited Schedule.**

This is not the type of case that can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

i. Plaintiff proposes that a Motion re Standard of Review to be filed by February 1, 2008;[1]

ii. All fact discovery, if any, to be completed by April 15, 2008;[2]

iii. Plaintiff proposes that expert reports and expert discovery, if any,

---

[1] The Plan does not believe a separate motion regarding the standard of review is necessary, as noted above, and contends that the issue should be addressed in the context of dispositive motions, which should be filed on February 1, 2008, with the hearing set accordingly.

[2] For the reasons discussed above, the Plan does not believe that discovery is appropriate. If Plaintiff moves for leave to conduct discovery and is permitted to do so, however, the Plan agrees that it should be completed not later than this date.

be completed by June 2, 2008;[3]

iv. Plaintiff proposes that dispositive motions to be filed by July 1, 2008 for hearing on August 7, 2008, with the briefing schedule set accordingly; the Plan proposes that dispositive motions be filed by February 1 as noted above or, if discovery is permitted, that dispositive motions be filed by April 1 with the hearing set accordingly;

viii. Plaintiff proposes that a pretrial conference be held on August 21, 2008, with a two day bench trial scheduled to begin on September 2, 2008; the Plan does not believe that a pretrial conference would be useful, given that the matter will be tried on the written record if it is not resolved by dispositive motions, and believes that no more than two hours of Court time will be required; the Plan proposes a trial date of May 1, 2008.

**18. Trial.**

**a. Plaintiff's Position.**

Two day bench trial.

**b. Defendant's Position**

Two hour bench trial, given that there will be no witnesses.

**19. Disclosure of Non-party Interested Entities or Persons.**

Pursuant to Civil L.R. 3-16, Plaintiff certifies that, other than himself, there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding.

Pursuant to Civil L.R. 3-16, Defendant certifies that there are no persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii)

[3] Defendant does not believe that expert testimony is appropriate, given the nature of the claim and the law requiring the claim to be decided solely based upon the administrative record.

have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance Company; Kaiser Permanente Flexible Benefits Plan.

**20. Other Matters to be Considered.**

There are no other matters which should be considered at this time.

Dated: October 24, 2007

LAW OFFICE OF MICHAEL E. KINNEY

By: [signature]
Michael E. Kinney
Attorney for Plaintiff

Dated: October __, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________
Rebecca A. Hull
Christopher J. Keller
Attorneys for Kaiser Permanente Flexible Benefits Plan

have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding, except for the following: Metropolitan Life Insurance Company; Kaiser Permanente Flexible Benefits Plan.

**20. Other Matters to be Considered.**

There are no other matters which should be considered at this time.

Dated: October __ , 2007

LAW OFFICE OF MICHAEL E. KINNEY

By: ______________________
Michael E. Kinney
Attorney for Plaintiff

Dated: October 24, 2007

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________
Rebecca A. Hull
Christopher J. Keller
Attorneys for Kaiser Permanente Flexible Benefits Plan