MICHAEL E. KINNEY
California Bar No. 77018
LAW OFFICE OF MICHAEL E. KINNEY
438 First St.
Fourth Floor
Santa Rosa, CA  95401
(707) 527-4141
Fax (707) 579-9561
email: kinney@kinnlaw.com

Attorney for Plaintiff
DONALD GRACEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD GRACEY,

        Plaintiff,

vs.

KAISER PERMANENTE FLEXIBLE
BENEFITS PLAN,

        Defendant.

_____/

No.   C  07-03853  VRW

DECLARATION OF MICHAEL E.
KINNEY SUBMITTED IN
OPPOSITION TO MOTION FOR
SUMMARY JUDGMENT

Date:   March 27, 2008
Time:  2:30 p.m.
Ctrm:  6

I, MICHAEL E. KINNEY, declare as follows:

1.      I am an attorney licensed to practice before this Court.  I am the attorney of record for Plaintiff herein.

2.      I attended the Case Management Conference before this Court on November 1, 2007.  During the Case Management Conference, I advised the Court that I wished to conduct discovery on issues made relevant by <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006).  Counsel for Defendant opposed my request.

3.      The Court instructed as follows:  that Plaintiff should make an informal request for discovery to Defendant; and that Defendant could voluntarily provide some discovery,

Declaration of Michael E. Kinney  [Case No. C-07-03853 VRW]

1    as it saw fit, with the understanding that any discovery provided by Defendant would not prejudice

2    its right to continue to assert that the law does not permit discovery in cases arising under ERISA.

3    The Court further instructed that Plaintiff was not to conduct any formal discovery nor to make a

4    motion for discovery, but that any discovery issues remaining after the informal discovery would

5    be taken up by the Court as part of the instant Motion for Summary Judgment.

6        4.      On November 16, 2007, I wrote to defense counsel and set out a request

7    for discovery.  A copy of my letter of November 16, 2007 is attached hereto as Exhibit A.  In that

8    letter, I requested written discovery, production of documents, and depositions on issues that I

9    believe are consistent with the directive of Abatie.

10       5.      On or about November 30, 2007, defense counsel responded.  A copy of

11   defense counsel's letter of November 30, 2007 is attached hereto as Exhibit B.  Counsel's

12   substantive response was as follows:

13           "The Plan will search and determine whether it has the curriculum vitaes

14           of the doctors identified in your document requests numbers 11 and 12 and endeavor

15           to produce them by December 15th.  It will not, however, respond to the remainder of

16           the document requests, interrogatories, or provide the physicians for deposition (nor

17           would the Court ever permit you to conduct such discovery from MetLife or the

18           physician service, on a third party basis.)"

19       6.      December passed without any further communication from defense

20   counsel on the subject of discovery.   Defendant did not produce the curriculum vitaes, nor even

21   say whether it had them.

22       7.      At the beginning of January 2008, I learned that the Hon. Phyllis L.

23   Hamilton had recently made a ruling on Abatie discovery in the case of Dilley v. Metropolitan Life

24   Insurance Company, Case No. C 07-1831 PJH.  I also learned that the defendant in the Dilley case

25   was represented by the same law firm and the same lead counsel as Defendant in the Gracey case.

26   Hoping that Judge Hamilton's Order might have deflated defense counsel's uncooperative view

27   toward providing informal discovery, I again wrote to defense counsel on January 5, 2008.  A

28   copy of my letter of that date is attached hereto as Exhibit C.  I suggested, as a compromise from

1    my original position on discovery, that both sides agree to discovery along the lines that Judge

2    Hamilton ordered in <u>Dilley</u>.  I enclosed a copy of Judge Hamilton's Order, which is also attached

3    hereto as part of Exhibit C.

4        8.        On January 8, 2008, defense counsel responded.  A copy of his letter of

5    January 8, 2008 is attached hereto as Exhibit D.  In this letter, defense counsel takes the position

6    that Defendant refuses to provide discovery because MetLife is in possession of the information

7    requested "and the Court has not authorized plaintiff to subpoena third parties for discovery in this

8    case."  Defense counsel's letter also claims that the issue addressed by Judge Hamilton is different

9    from the scope of post-<u>Abatie</u> discovery which arises in the Gracey case.  (This assertion appears

10   to be in error. See the Motion re Entitlement to Discovery in <u>Dilley</u>, attached to the Request for

11   Judicial Notice as Exhibit A, and the Declaration of Lissa A. Martinez in <u>Dilley</u>, attached to the

12   Request for Judicial Notice as Exhibit B.)  Finally, defense counsel provided curriculum vitaes for

13   Dr. Jares and Dr. Patel.  Dr. Jares' curriculum vitae is attached hereto as Exhibit E.  Dr. Patel's

14   curriculum vitae is attached hereto as Exhibit F.

15       9.        Defense counsel has provided no further discovery since January 8, 2008.

16       10.       The Motion for Summary Judgment claims that I told someone at MetLife

17   that "Gracey was not seeking LTD benefits based on his psychiatric condition."  MSJ 9:13-14.  I

18   never said that.  This subject came up for the first time in MetLife's letter of July 5, 2007 denying

19   Plaintiff's appeal.  That letter asserted that "on March 3, 2007, Mr. Kinney advised this Appeals

20   Specialist [Sharon Muldrow] that Mr. Gracey is not claiming mental nervous condition as part of

21   his disability." (Admin 0102.) I wrote back to Ms. Muldrow and told her that no such conversation

22   had taken place.  (Admin 0095.)  The only conversation I had with anyone at MetLife anywhere

23   around that time took place on March 8, 2008 with Shelly D'Amico.  I memorialized that

24   conversation (Admin 0261) as did Ms. D'Amico (Admin 0258).

25       11.       If called as a witness, I could and would testify competently to the

26   foregoing.

27       I declare under penalty of perjury under the laws of the State of California and the

28   / / / /

Declaration of Michael E. Kinney  [Case No. C-07-03853 VRW]

1   United States of America that the foregoing is true and correct.

2         Executed this 6th day of March 2008 at Santa Rosa, California.

3

4                                        _____/s/_____

5                                        Michael E. Kinney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Michael E. Kinney  [Case No. C-07-03853 VRW]