# EXHIBIT A

LAW OFFICES OF
MICHAEL E. KINNEY

November 16, 2007

By Fax and Mail

Christopher Keller, Esq.
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105

      Re:    Gracey v. Kaiser Permanente Flexible Benefit Plan
            U.S. District Court Case No. C 07-03853 VRW

Dear Mr. Keller:

    At the Case Management Conference on November 1, 2007, there was an extensive discussion about the impact of <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006)(en banc) on Plaintiff's right to conduct discovery in this matter, and the permissible scope of that discovery.  After considering a number of procedural mechanisms to address these issues, the Court directed me to provide you informally with requests for discovery to which I believe Plaintiff is entitled.  The Court directed you and your client to determine whether you were willing to provide informal responses to any of my proposed discovery, and, if so, to provide such informal responses.  I understand that any informal responses that you provide during this informal process will be without prejudice to your right to make any argument you deem appropriate as to Plaintiff's right to conduct discovery or the scope thereof.

    At the Case Management Conference. the Court instructed that it would take up any remaining discovery issues in the course of the summary judgment proceedings which are scheduled for hearing on February 14, 2008.  The Court prohibited me from serving formal discovery requests at this time.

    Below find my informal requests for discovery.  I would welcome an opportunity to confer with you about these requests, particularly any requests that you feel are vague, ambiguous or poorly drafted.  If I can restate any of these requests more clearly, I will do so.

    I understand from your letter of November 5, 2007, that you would like to complete the informal discovery process by November 30, 2007.  I assume that means that I will have any informal responses by November 30.  That date is acceptable to me.  I will

438 FIRST ST., FOURTH FLOOR, SANTA ROSA, CALIFORNIA 95401
TEL. 707-527-4141 FAX 707-579-9561

Christopher Keller, Esq.
November 16, 2007
Page number 2

be out of town most of next week for a Thanksgiving vacation, but will be in the office the following week and can meet and confer with you then.

PROPOSED DISCOVERY REQUESTS

I.  PROPOSED REQUESTS FOR PRODUCTION

Plaintiff informally proposes to propound the following requests for production to Metropolitan Life Insurance Company:

1. All documents relating to agreements by Metropolitan Life Insurance Company ("MetLife") to provide long term disability insurance benefits for employees of Kaiser Permanete, including but not limited to any administrative service agreements and any insurance policies.

2. MetLife's complete underwriting files referring or relating in any way to the policy at issue in this action, including without limitation:

   a. All letters, memoranda, and other forms of written communication and written records or oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action;

   b. Any applications for insurance coverage;

   c. All analyses of the potential profitability of the policy.

3. All claims manuals, memoranda, directives, e-mails, letters, intranet or internet sites and other forms of written or electronic communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of MetLife in the handling of claims, that refer or relate in any way to the handling of claims generally or to the handling of claims of like character to the claim at issue in this action, including without limitation:

   a. Documents reflecting MetLife's claim settlement policies as they existed at the time the claim at issue in this action was denied;

   b. Documents reflecting any subsequent changes of such policies.

4. All manuals, memoranda, directives, e-mails, letters, intranet or internet sites and other forms of written or

Christopher Keller, Esq.
November 16, 2007
Page number 3

electronic communication in effect at any time from January 1, 2006 to the date suit was filed herein regarding MetLife's procedures for reviewing the performance of its Long Term Disability Insurance claims adjusters.

5.  All manuals, memoranda, directives, e-mails, letters, intranet or internet sites and other forms of written or electronic communication regarding MetLife's loss management procedures implemented between January 1, 2006 and the date suit was filed herein that pertain to long term disability insurance claims.

6.  All letters, memoranda, e-mail communications, plan documents, and other forms of written communication and written records of oral communications regarding any incentive compensation plans for any of MetLife's personnel involved in long term disability claims handling, including and not limited to managers, supervisors, regional managers, district managers, and field and office adjusters for the period January 1, 2006 to the date suit was filed herein.

7.  All corporate meeting minutes that discuss the performance of MatLife's long term disability claim department from January 1, 2004 to the present.

8.  All training manuals, brochures, letters, memoranda, e-mail communications, intranet or internet sites and other forms of written or electronic communication regarding training provided to MetLife claims personnel between January 1, 2004 and present on the subject of proper claims practices for long term disability insurance claims.

9.  All written or electronic documents setting forth MetLife's standards, practices, procedures or protocols for processing appeals of denials of long term disability claims as in effect from January 2006 until the date suit was filed herein.

10. Records of any premium refunds, retroactive payments, or other payments or reimbursements of any sort made by MetLife to Kaiser Permanente in connection with this Plan.

11. All curriculum vitae, resumes or other documents of any sort in the possession of MetLife as of April 30, 2007 showing the education, background or qualifications of Dr. Hitesh Patel.

12. All curriculum vitae, resumes or other documents of any sort in the possession of MetLife as of April 30, 2007 showing the education, background or qualifications of Dr. Joseph Jares.

Christopher Keller, Esq.
November 16, 2007
Page number 4

13. All written contracts between MetLife and any other person or entity, including but not limited to Dr. Hitesh Patel, in effect as of April 30, 2007, in connection with services rendered to MetLife by Dr. Hitesh Patel and/or payment by MetLife for Dr. Patel's services.

14. All written contracts between MetLife and any other person or entity, including but not limited to Dr. Joseph Jares, in effect as of April 30, 2007, in connection with services rendered to MetLife by Dr. Joseph Jares and/or payment by MetLife for Dr. Jares' services.

15. All documents outside of the administrative record that Defendant contends support its claim that the Court should not apply skepticism or should apply minimal skepticism in reviewing the decision to deny benefits to Plaintiff.

II. PROPOSED INTERROGATORIES

Plaintiff informally proposes to propound the following interrogatories to MetLife. If MetLife objects that Interrogatories are not an appropriate discovery tool for questions directed to MetLife, Plaintiff will propose taking the deposition of the individual designated by MetLife as the Person Most Knowledgeable on these subjects.

1. How many disability claims has Dr. Hitesh Patel evaluated at the request of MetLife since January 1, 2000?

   (a) How many times did he conclude that the claimant was disabled?

   (b) How many times did he conclude that the claimant was not disabled?

   (c) How many times did he recommend additional tests?

2. When did MetLife first utilize the services of Dr. Hitesh Patel on any matter?

3. How much did MetLife pay Dr. Hitesh Patel in each of the following years: 2003, 2004, 2005, 2006, 2007 to date?

4. How much did MetLife pay Dr. Hitesh Patel for his work on Mr. Gracey's claim?

5. How many disability claims has Dr. Joseph Jares evaluated at the request of MetLife since January 1, 2000?

   (a) How many times did he conclude that the claimant

Christopher Keller, Esq.
November 16, 2007
Page number 5

        was disabled?

        (b)    How many times did he conclude that the claimant was not disabled?

        (c)    How many times did he recommend additional tests?

6. When did MetLife first utilize the services of Dr. Joseph Jares on any matter?

7. How much did MetLife pay Dr. Joseph Jares in each of the following years: 2003, 2004, 2005, 2006, 2007 to date?

8. How much did MetLife pay Dr. Joseph Jares for his work on Mr. Gracey's claim?

III. PROPOSED DEPOSITIONS

Plaintiff informally proposes to take the following depositions.

Plaintiff proposes to take the depositions of Dr. Hitesh Patel and Dr. Joseph Jares on the following subjects: how much work they do for insurance companies; the percentage of their income derived from reviewing claims for insurance carriers; the percentage of their income derived from treating patients; , the number of times they have testified as experts and for which side; the number of times they have been consulted by an insurance carrier regarding a claim for long term disability insurance benefits, the number of times they determined that the claimant was disabled, the number of times they determined the claimant was not disabled, and the number of times they requested further testing; their relationships with MetLife as outlined in the proposed Interrogatories, above; and such similar subjects as may be adduced at deposition. No testimony will be elicited as to Plaintiff or any other specific person.

                                            Yours truly,

                                            Law Offices of Michael E. Kinney

                                        By: _____
                                               Michael E. Kinney

MEK:bmu