**EXHIBIT B**

# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

November 30, 2007

VIA FACSIMILE & U.S. MAIL
Michael E. Kinney
Law Offices of Michael E. Kinney
438 First Street, Fourth Floor
Santa Rosa, CA 95401

Re: *Gracey v. Kaiser Permanente Flexible Benefit Plan*
U.S. District Court, No. Dist. Cal., Case Number 07-03853 VRW
Our File No.: 0584-007531

Dear Mr. Kinney:

This letter is a response to your November 16, 2007, letter providing us with informal discovery requests.

At the November 1, 2007, Case Management Conference the parties and the Court had a lengthy discussion whether *any* discovery is appropriate in this case. The Plan contended that case law supports its position that no discovery whatsoever is warranted, other than the production of the Administrative Record (which had been done). Plaintiff argued that some discovery is necessary to discern whether the structural conflict of interest, which results from the fact that MetLife both funds and decides benefit claims for the Plan, should cause the Court to temper the abuse of discretion standard of review with some degree of skepticism, although nothing in the Administrative Record indicates that there were any procedural irregularities in the handling of the claim.

During our discussion of these points, the Plan agreed that if it would move the case forward, it would consider responding to a few very narrow and limited discovery requests. Plaintiff was urged to provide the requests informally, so that we could see whether there is common ground and so that there would be no basis for a later Rule 56(f) request to delay a ruling on the Plan's anticipated summary judgment based on a claimed need for discovery.

The November 16 letter we received from you, however, is not narrowly tailored, nor does it focus on alleged impact of the structural conflict. Rather, the letter recites a laundry list of discovery subjects that are indistinguishable from those that would be propounded in a typical insurance bad faith case. Few of these subject matters have any apparent bearing upon (much less a direct relationship with) the issue of what degree of discretion the Court should afford the decision of the Plan's claim administrator.

SF/1467512v1

Michael E. Kinney
U.S. District Court, No. Dist. Cal., Case Number 07-03853 VRW
November 30, 2007
Page 2

We anticipated, consistent with the type of inquiry that some other Courts have permitted, that the informal discovery would consist of a few concise and focused interrogatories. We did not anticipate a fishing expedition that includes 15 demands for documents, including "all documents relating to agreements by Metropolitan Life Insurance Company to provide long term benefits for employees" of any Kaiser entity; "MetLife's complete underwriting files referring or relating in any way to the policy at issue"; "all corporate meeting minutes that discuss the performance of MetLife's long term disability claim department from January 1, 2004 to the present"; and similar materials.

Aside from the fact that MetLife is not a party to the case (the sole defendant is the Plan), and its internal files are not subject to production by the Plan, this list of demands has no potential bearing on the only issue before the Court, which is: was the decision that is in issue in this litigation consistent with the terms of the Plan and the applicable statutes, and was it decided in a manner that is consistent with the applicable regulations establishing the procedure for handling of an ERISA claim and appeal?

The Plan will search and determine whether it has the curriculum vitaes of the doctors identified in your document requests numbers 11 and 12 and endeavor to produce them by December 15th. It will not, however, respond to the remainder of the document requests, interrogatories or provide the physicians for deposition (nor would the Court ever permit you to conduct such discovery from MetLife or the physician service, on a third party basis).

If you believe that we are in error in our assessment of the relevance of the scope of the proposed discovery, which is far a field from the issue of whether the decision on plaintiff's claim was an abuse of discretion in light of the terms of the Plan and the applicable law, we invite you to point out the nature of the error so that we may meet and confer about it now.

We also had discussed mediation. We would propose using David Meadows, Brad Huss or Michael Loeb and trying to schedule a mediation in December or the first week of January. Please let me know your thoughts about mediators and dates.

Regards,

Christopher Keller
Sedgwick, Detert, Moran & Arnold LLP

CJK/cjk

SF/1467512v1