**EXHIBIT C**

LAW OFFICES OF

MICHAEL E. KINNEY

January 5, 2008

By Fax and Mail

Christopher Keller, Esq.
Sedgwick, Detert, Moran & Arnold
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA  94105

      Re:   Gracey v. Kaiser Permanente Flexible Benefit Plan
           U.S. District Court Case No. C 07-03853 VRW

Dear Mr. Keller:

On November 16, 2007, I wrote to you with an informal proposal for discovery. On November 30, 2007, you responded that you would not be providing any discovery in this matter, except possibly the curriculum vitae of the reviewing doctors.  A month has passed since your letter and I have received no documents, so I assume that you do not plan to provide any discovery unless the Court so orders.

I have just learned that you firm has been dealing with nearly identical discovery issues in the case of <u>Dilley v. Metropolitan Life Insurance Co.</u>, U.S. District Court Case No. C 07-1831 PJH.  In that case, Judge Hamilton issued a discovery order on December 11, 2007 granting plaintiff the right to conduct certain discovery.  I enclose a copy of Judge Hamilton's Order herewith.

I believe that Judge Hamilton has fashioned an acceptable solution to the problem of post-<u>Abatie</u> discovery.  I believe that her Order provides a reasonable compromise between my rather broad requests for discovery and your complete stonewall.

Below are requests for discovery following Judge Hamilton's Order.  For ease in tracking, I have kept the numbering the same as was used in <u>Dilley</u>.  The only changes I have made are to conform the requests to plaintiff's medical condition and to the fact that in our case there are two medical reviews, but in <u>Dilley</u> there was only one.  I have also added requests for the doctors' curriculum vitae, per our prior correspondence.

I feel confident that Judge Walker will appreciate the

Christopher Keller, Esq.
January 5, 2008
Page number 2

thought that Judge Hamilton put into crafting her Order and will
make a similar Order.  If you agree, perhaps we can enter into a
stipulation and save some time and expense.

Interrogatories:

1.    For each year from 2002 to the present, state the number of
claims that Metropolitan Life Insurance Company ("METLIFE") has
referred to Network Medical Review and Network Medical Review
affiliated companies or entities, including Elite Physicians, Ltd.
(collectively "NMR"), for medical services, including (but not
limited to) medical record reviews.

2.    For each year from 2002 to the present, state the total
amount paid by METLIFE to NMR for medical services, including (but
not limited to) medical record reviews.

3.    State the amount paid to NMR by METLIFE for work performed
regarding Plaintiff and/or the subject claim.

4.    For each doctor who reviewed medical records regarding the
Plaintiff and/or the subject claim on behalf of METLIFE, state the
following:  the name and address of the doctor's employer; whether
or not METLIFE has a contract with the doctor during the subject
claim that was in full force and effect; and, the amount paid for
the medical record review and to whom the payment was made.

5.    For each year from 2002 to the present, state the number of
claims denied by METLIFE based in whole or in part, upon medical
record reviews by NMR.

6.    [Denied by Judge Hamilton.]


REQUEST FOR PRODUCTION

1.    Pursuant to 28 U.S.C. section 1732, a true and correct copy
of the following item which has been kept in the regular course of
business:  The Physician File Review Services Agreement dated on or
about October 1, 1999 between METLIFE and Network Medical Review
Company ("NMR").

2.    Pursuant to 28 U.S.C. section 1732, a true and correct copy
of the following item which has been kept in the regular course of
business: and all updates, revisions and/or amendments to the
Physician File Review Services Agreement dated on or about October
1, 1999 between METLIFE and NMR.

3.    [Denied by Judge Hamilton.]

4.    Any and all invoices received by METLIFE from NMR regarding

Christopher Keller, Esq.
January 5, 2008
Page number 3

Plaintiff and/or the subject claim.

5.    Any and all documents and communications regarding payment by
METLIFE to NMR for work performed pertaining to the Plaintiff
and/or the subject claim.

6.    [Denied by Judge Hamilton.]

7.    [Denied by Judge Hamilton.]

8.    [Denied by Judge Hamilton.]

9.    [Denied by Judge Hamilton.]

10.    [Denied by Judge Hamilton.]

11.    Any and all documents and communications distributed to
METLIFE medical record reviewers, including doctors, nurses, or
other medical professionals regarding the effect of job stress on
cardiological conditions that were in full force and effect during
the subject claim.

12.    [Denied by Judge Hamilton.]

13.    [Denied by Judge Hamilton.]

14.    [Denied by Judge Hamilton.]

15.    Any and all documents and communications contained in the
Administrative record for the subject claim.

16.    All curriculum vitae, resumes or other documents of any sort
in the possession of MetLife as of April 30, 2007 showing the
education, background or qualifications of Dr. Hitesh Patel.

17.    All curriculum vitae, resumes or other documents of any sort
in the possession of MetLife as of April 30, 2007 showing the
education, background or qualifications of Dr. Joseph Jares.

DEPOSITIONS

Depositions of each reviewing physician as to his relationship with
METLIFE; structure of his pay; his relationship with any medical
review services used by METLIFE, including NMR; the amount he is
paid per medical review conducted for METLIFE; the number of
reviews he has conducted for METLIFE; the amount of time spent on
medical reviews for METLIFE; and whether his compensation is tied
to his medical findings.

Physician to produce :

Christopher Keller, Esq.
January 5, 2008
Page number 4

1.    The Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Physician and/or Network Medical Review Company ("NMR");

2.    Any and all updates, revisions and/or amendments to the Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and physician and/or Network Medical Review Company.

3.    [Denied by Judge Hamilton.]

4.    Any and all invoices received by METLIFE from Physician on behalf of NMR regarding Plaintiff and/or the subject claim.

5.    Any and all documents and communications regarding payment by METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

6.    [Denied by Judge Hamilton.]

7.    His current curriculum vita.

      Let me know if you think that further meet and confer on this subject might be productive.

                          Yours truly,

                          Law Offices of Michael E. Kinney

                          By: _____
                              Michael E. Kinney

MEK:bmu
Encl.

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

Plaintiff,

v.

METROPOLITAN LIFE INS. CO., et al.

Defendants.

_____/

No. C 07-1831 PJH

**ORDER GRANTING MOTION FOR LEAVE TO CONDUCT DISCOVERY IN PART AND DENYING IT IN PART**

Plaintiff's motion for leave to conduct discovery came on for hearing before this court on December 5, 2007. Plaintiff appeared by her counsel Lissa A. Martinez, and defendants Metropolitan Life Insurance Company ("MetLife"), et al., appeared by their counsel Michael N. Westheimer. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows for the reasons stated at the hearing.

1.      Pursuant to the agreement of the parties, the request to propound Interrogatory Nos. 1-4 is GRANTED.

2.      The request to propound Interrogatory No. 5 is GRANTED.

3.      The request to propound Interrogatory No. 6 is DENIED.

4.      The request to propound Document Request Nos. 1 and 2 is GRANTED, as to the contract between MetLife and Network Medical Review Company, Ltd. ("NMR").

5.      The request to propound Document Request No. 11 is GRANTED, but the request shall be limited to plaintiff's condition only.

6.      The request to propound Document Request Nos. 4, 5, and 15 is GRANTED.

United States District Court
For the Northern District of California

1    7.    The request to propound Document Request Nos. 3, 6-10, and 12-14 is

2  DENIED.

3    8.    The request for leave to depose MetLife employees Stacey Friend and

4  Sharon Muldrow is DENIED.

5    9.    The request for leave to depose Dr. M. Marc Soriano is GRANTED, as to the

6  subjects proffered – including Dr. Soriano's his relationship with MetLife; the structure of his

7  pay; his relationship with any medical review services used by MetLife, including NMR; the

8  amount he is paid per medical review conducted for MetLife; the number of reviews he has

9  conducted for MetLife; the amount of time spent on medical reviews for MetLife; and

10  whether his compensation is tied to his medical findings.  However, plaintiff may not

11  depose Dr. Soriano with regard to his training and experience, or with regard to his

12  knowledge of the guidelines for approving or rejecting disability claims.

13    As for the documents listed in Attachment "A" to the proposed Soriano deposition

14  subpoena, Dr. Soriano need not produce documents responsive to No. 3 (documents

15  regarding procedures to be followed in review of medical records) or No 6 (personnel file

16  kept by NMR on Dr. Soriano).

17    10.    The request to conduct Rule 30(b)(6) depositions is DENIED.

18    11.    Plaintiff's counsel shall provide defendants' counsel with a list of the discovery

19  requests that have been approved by the court, and the parties will then meet and confer to

20  resolve the timing of discovery.  Discovery must be complete before the filing of dispositive

21  motions.

22    12.    Pursuant to the parties' agreement, as stated on the record, each side will file

23  its motion for summary judgment no later than April 2, 2008.

24

25  **IT IS SO ORDERED.**

26  Dated:  December 11, 2007

27
                                    PHYLLIS J. HAMILTON
28                                    United States District Judge

2