# EXHIBIT D



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

January 8, 2008

**VIA FACSIMILE**
Michael E. Kinney
Law Office of Michael Kinney
438 First Street, 4th Floor
Santa Rosa, California 95401
Fax: (707) 579-9561

Re: Gracey v. Kaiser Permanente Flexible Benefit Plan
File No.: 0584-007531

Dear Mr. Kinney:

This letter is in response to your letter dated January 5, 2008 regarding discovery in the above referenced case. We have just recently received the curriculum vitaes of Dr. Jares and Dr. Patel. We are producing them with this letter, as we said we would in my November 30 letter.

Your January 5 letter points to an order issued by Judge Hamilton in another case, as the basis for your contentions. As you know, however, this case is not before Judge Hamilton, nor does this case raise the same issues, nor is it in the same procedural posture. During our CMC with Judge Walker, the Court asked us to engage in a discussion of my proposal that you send me a letter with discrete discovery requests, after which I would consult with my client about what discovery it might agree to provide, even though it has no legal obligation to provide any discovery whatsoever other than the Administrative Record, which it produced to you in its entirety.

As you conceded, however, instead of receiving discrete discovery requests, what we received was an enormous list of standard insurance bad faith discovery demands for matters far beyond the scope of the only issue that even arguably could be the basis for discovery, which is whether MetLife was affected by the structural conflict in deciding Mr. Gracey's claim under the Kaiser LTD Plan. Now, at the last moment, we have received a new list of discovery requests adopted from a different case. This is not appropriate, on multiple levels.

First, you are proposing to get discovery from the Plan on subjects about which the Plan is not able to respond. Instead, you would have to get the discovery from a third party,

SF/1475505v1

Austin ▪ Bermuda* ▪ Chicago ▪ Dallas ▪ Houston ▪ London ▪ Los Angeles ▪ New York ▪ Newark ▪ Orange County ▪ Paris ▪ San Francisco ▪ Zurich

*Affiliated office.

Michael E. Kinney
Re: Gracey v. Kaiser Permanente Flexible Benefit Plan
January 8, 2008
Page 2

MetLife. The Plan does not possess the records and information you say you will seek. The Court has not authorized plaintiff to subpoena third parties for discovery in this case.

Second, the Plan is not going to agree to turn what is supposed to be, under the applicable law, a streamlined procedure for an abuse of discretion review by the Court, into a full blown discovery fishing expedition on matters that are utterly irrelevant to the issue before the Court. Assuming that the Court would order that you can subpoena a third party for discovery, that would be the effect of your proposed discovery. Nevertheless, we agreed to produce, and with this letter we are producing, the CVs of Dr. Jares and Dr. Patel.

Further, we respectfully disagree that as potentially applied to this case, Judge Hamilton "has fashioned an acceptable solution to the problem of post-Abatie discovery." In the context of this case, her order would not represent a "reasonable compromise." The central question here is whether MetLife's claim decision, in its capacity as claim administrator, was affected by the structural conflict of interest that exists because MetLife both funds and decides claims for benefits under the Plan. While Judge Hamilton was willing to permit certain discovery in the procedural and factual context of a completely different case, the same discovery if obtained and offered as evidence in this case would not elucidate that issue to any appreciable degree, and even if ordered and obtained, it should not be considered by the Court in deciding Mr. Gracey's claims here.

For instance, Judge Hamilton's order does not take into account (as Judge Walker would have to do, in deciding admissibility or relevance of information that such discovery might yield) the volume of claims that MetLife actually approves. For example, if MetLife approved 95 percent of the Plan's LTD claims, and denied only five percent, statistics that are directed only to the five percent that were denied prior to the medical reviews on appeal are not probative as to whether MetLife was motivated to deny claims because of the structural conflict. It is typical that denied claims have medical record reviews on appeal, because that is what the DOL regulations require. Whether those decisions are or are not upheld on appeal does not say anything about whether the initial denial was the product of the structural conflict, which we assume is what you hope to show (as does counsel in the case before Judge Hamilton) by means of such information.

The probative value of the discovery you hope to do is slight, at best. It stands to reason, that if only denied claims are referred to a physician consultant, there is a greater likelihood that a meritless claim will be upheld as meritless, by an objective neutral. The fact that Judge Hamilton has permitted the plaintiff's counsel in that case to pursue his legal and factual theories does not mean that the evidence that such discovery will yield will be probative of the actual issue, particularly given that she is not permitting any inquiry into the merits of any claim (even the plaintiff's) in the course of such discovery.

SF/1475505v1

Michael E. Kinney
Re: Gracey v. Kaiser Permanente Flexible Benefit Plan
January 8, 2008
Page 3

In the circumstances, the public policy against discovery in ERISA cases clearly is implicated. The discovery you propose to do is not as to matters within the knowledge or control of the Plan and, in addition, it would have no substantive impact on resolution of the issue to which you point as justification for it, even if Judge Walker should order a third party to provide such discovery (which we have no reason to think will occur).

We strongly request that you rethink your position. We gave you the opportunity to raise and resolve these points well in advance of the summary judgment date. Instead, you waited until the last moment, and then adopted, without analysis, a result from a case with different facts and different parties. Your position is not well taken and, even if the Court were to permit you to start the process of attempting to subpoena a third party for the purposes of getting this discovery, the results of such efforts would add nothing to the issues in the case, for the reasons discussed above.

The Plan will vigorously oppose any efforts by you to delay resolution of the Plan's motion for summary judgment in an attempt to pursue third party discovery.

Regards,

Christopher Keller
Sedgwick, Detert, Moran & Arnold LLP

CJK/cjk

Enclosures

SF/1475505v1