FRANK N. DARRAS #128904
LISSA A. MARTINEZ #206994
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121
Email: fdarras@sbd-law.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE DILLEY,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,<br><br>Defendants. | Case No.: C 07-01831 PJH<br><br>**DECLARATION OF LISSA A. MARTINEZ IN SUPPORT OF PLAINTIFF'S MOTION RE ENTITLEMENT TO DISCOVERY**<br><br>[Filed concurrently with:<br>- Motion re Entitlement to Discovery;<br>- [Proposed] Order.]<br><br>Date:      December 5, 2007<br>Time:      9:00 a.m.<br>Ctrm:      3, 17th Floor<br>Judge:     Hon. Phyllis J. Hamilton |

I, LISSA A. MARTINEZ, hereby declare that:

1.      I am an attorney at law, duly licensed to practice before this Court and all courts within the State of California. I am an associate with the law firm of Shernoff, Bidart & Darras, LLP, attorneys of record for Plaintiff Marianne Dilley in the above-entitled action. I have personal knowledge of the facts set forth herein and if called upon as a witness, I could and would testify competently thereto.

2.      On April 2, 2007, Plaintiff filed a complaint against Defendants Metropolitan Life Insurance Company ("MetLife") and Bank of America Long Term Disability Benefits Plan (the

DECLARATION OF LISSA A. MARTINEZ IN SUPPORT OF PLAINTIFF'S
MOTION RE ENTITLEMENT TO DISCOVERY

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

ORIGINAL

1  "Plan") (collectively "Defendants") for disability benefits due under an employee benefit plan

2  regulated and governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.

3  § 1001 *et seq.*

4       3.      During the July 12, 2007 Initial Case Management Conference, the Court

5  instructed that "the parties shall meet and confer regarding discovery.  If an agreement is not

6  reached on the discovery issue plaintiff counsel may file a motion on entitlement to discovery."

Case 3:07-cv-01831-PJH    Document 26    Filed 10/31/2007    Page 2 of 25

7  The Court set a filing deadline of October 10, 2007 with a hearing date of November 14, 2007.

8  Attached hereto as Exhibit "A" is a true and correct copy of the Order regarding the July 12,

9  2007 Initial Case Management Conference.

10      4.      The parties attended private mediation on October 4, 2007, but the matter did not

11 resolve.

12      5.      As the case did not settle, the parties began the meet and confer process regarding

13 discovery.  On October 5, 2007, my office sent defense counsel Plaintiff's proposed discovery

14 requests, consisting of 15 requests for production, six interrogatories and five depositions, and

15 asked to meet and confer over the proposed discovery.

16      6.      On October 5, 2007, the parties submitted a stipulation requesting that the Court

17 grant a three-week extension giving the parties until October 31, 2007 in which to file their

18 respective motions to establish the applicable standard of review and to determine the

19 availability of discovery.  On October 9, 2007, the Court signed the Stipulation and Order

20 continuing the motion filing deadline until October 31, 2007 with a hearing date of December 5,

21 2007.  Attached hereto as Exhibit "B" is a true and correct copy of the Stipulation and Order

22 Extending Time to File Motions Re Standard of Review and Re Availability of Discovery.

23      7.      On October 25, 2007, I met and conferred telephonically with Michael

24 Westheimer, counsel for MetLife, regarding Plaintiff's proposed discovery.  During the

25 teleconference, we discussed the Ninth Circuit's opinion in *Abatie v. Alta Life & Health Ins. Co.*,

26 458 F.3d 955 (9th Cir. 2006) *(en banc)*.  I explained that, as MetLife both administers and funds

27 the disability plan, there was a "structural" conflict such that Plaintiff's proposed discovery was

28 warranted under *Abatie*.  Mr. Westheimer responded that *Abatie* did not even address the issue of

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 9171  TEL 909 621 4935

DECLARATION OF LISSA A. MARTINEZ IN SUPPORT OF PLAINTIFF'S
MOTION RE ENTITLEMENT TO DISCOVERY

1    discovery and, as such, *Abatie* did not permit Plaintiff to conduct the proposed discovery.  Mr.

2    Westheimer also stated that Plaintiff's proposed discovery was overly broad and appeared to be

3    the same type of discovery served by my office in other ERISA actions.  I explained that

4    Plaintiff's proposed discovery was specific to this case and narrowly tailored to the issue of

5    MetLife's conflict of interest, which included the relationship between MetLife and NMR as

6    MetLife relied on the opinion of an NMR retained physician to deny Plaintiff's claim.  I further

7    explained that, as such, Plaintiff was allowed discovery on the issue of the general relationship

8    between MetLife and NMR, and the specific relationship with regards to Plaintiff's claim and the

9    motivations leading to the opinions of the reviewing NMR retained doctor, as well as the

10   motivations of those individuals who denied Plaintiff's claims, and that such information was not

11   contained in the administrative record.  Ultimately, we agreed to disagree on whether *Abatie*

12   allowed Plaintiff to conduct the proposed discovery.

13        8.        The parties meet and confer efforts, however, were not futile in that we were able

14   to narrow the discovery in dispute.  Specifically, Mr. Westheimer stated that MetLife would

15   voluntarily respond to Plaintiff's proposed Interrogatories Nos. 1, 2, 4 and 5, regarding the

16   number of and amounts paid to NMR for physician reviews as MetLife had already provided this

17   type of discovery information in the past (as stated in Plaintiff's complaint at para. 27.)  Mr.

18   Westheimer did state, however, that with respect to Interrogatory No. 5, MetLife had no reason

19   to know the "name and address of the reviewing doctor's employer."  With respect to the

20   remaining proposed discovery, Mr. Westheimer stated that MetLife would not voluntarily

21   respond or produce any documents as that discovery was overly broad, unduly burdensome and

22   unwarranted.  Attached hereto as Exhibit "C" are true and correct copies of the following letters

23   regarding the parties meet and confer efforts:  October 26, 2007 letter from me to Mr.

24   Westheimer; October 29, 2007 letter from Mr. Westheimer to me; and October 30, 2007 letter

25   from me to Mr. Westheimer.

26        9.        The parties agreed that Plaintiff would formally serve Interrogatories (Set One)

27   consisting of the proposed interrogatories numbers 1, 2, 4 and 5 (renumbered as 1-4), and that

28   Plaintiff would hold off on formally serving the remaining discovery until after the Court ruled

Case No. C 07 1831 PJH

DECLARATION OF LISSA A. MARTINEZ IN SUPPORT OF PLAINTIFF'S
MOTION RE ENTITLEMENT TO DISCOVERY

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9711  TEL 909 621 4935

1  on Plaintiff's Motion Re Entitlement to Discovery.  Attached hereto as Exhibit "D" is a true and

2  correct copy of Plaintiff's First Set of Interrogatories to Defendant Metropolitan Life Insurance

3  Company, which Plaintiff served on October 26, 2007.

4          10.    Attached hereto as Exhibit "E" is a true and correct copy of Plaintiff's [Proposed]

5  Second Set of Interrogatories to Defendant Metropolitan Life Insurance Company.

6          11.    Attached hereto as Exhibit "F" is a true and correct copy of Plaintiff's [Proposed]

7  First Set of Requests for Production of Documents to Defendant Metropolitan Life Insurance

8  Company.

9          12.    Attached hereto as Exhibit "G" is a true and correct copy of Plaintiff's [Proposed]

10  Notice of Taking the Deposition of NMR/Elite Physicians Limited.

11          13.    Attached hereto as Exhibit "H" is a true and correct copy of Plaintiff's [Proposed]

12  Notice of Taking the Deposition of Marc Soriano, M.D.

13          14.    Attached hereto as Exhibit "I" is a true and correct copy of Plaintiff's [Proposed]

14  Notice of Taking the Deposition of Metropolitan Life Insurance Company.

15          15.    Attached hereto as Exhibit "J" is a true and correct copy of Defendant

16  Metropolitan Life Insurance Company's Responses and Objections to Plaintiff's Interrogatories

17  (Set One) verified by Laura Sullivan on September 20, 2006 in the matter of *Laura Kondrick v.*

18  *Kaiser Permanente Flexible Benefits Plan and Metropolitan Life Insurance Company*, U.S.

19  District Court, Northern District of California, Case No. C06-02781 MMC.

20

21          I declare under penalty of perjury under the laws of the State of California and the United

22  States of America that the foregoing is true and correct.

23          Executed on October 31, 2007, at Ontario, California.

24

25

26          LISSA A. MARTINEZ

27

28

        Case No. C 07 1831 PJH

DECLARATION OF LISSA A. MARTINEZ IN SUPPORT OF PLAINTIFF'S
MOTION RE ENTITLEMENT TO DISCOVERY

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL MINUTES

**Date:  July 12, 2007**                                              **JUDGE:  Phyllis J. Hamilton**

**Case No:  C-07-1831  PJH**

**Case Name:  Marianne Dilley v. Metropolitan Life Insurance Company, et al**

**Attorney(s) for Plaintiff:**          **Susan B. Grabarsky**
**Attorney(s) for Defendant:**        **Michael N. Westheimer**

**Deputy Clerk**: Nichole Heuerman               **Court Reporter**: Not Reported

### PROCEEDINGS

Initial Case Management Conference-Held.  The parties have already stipulated to private mediation to be completed by 9/7/07.  The court will allow an early motion for summary judgment on standard of review.  The parties shall meet and confer regarding discovery.  If an agreement is not reached on the discovery issue plaintiff counsel may file a motion on entitlement to discovery.  Both parties shall file their early motions by October 10, 2007 and notice them for hearing on November 11, 2007 at 9:00 a.m.  The court also sets a further case management conference on November 11, 2007 at 9:00 a.m.  If no motions are filed on October 10, 2007 the hearing date of November 11, 2007 will be vacated and the further case management conference will be held on November 12, 2007 at 2:30 p.m.

The parties are handed copies of the courts pretrial instructions.

**Order to be prepared by:**   [] Pl [] Def [] Court

**Notes:**

**cc:** file; ADR

EXHIBIT A

1    SEDGWICK, DETERT, MORAN & ARNOLD LLP
     REBECCA A. HULL  Bar No. 99802
2    MICHAEL N. WESTHEIMER  Bar No. 178938
     One Market Plaza
3    Steuart Tower, 8th Floor
     San Francisco, California 94105
4    Telephone: (415) 781-7900
     Facsimile: (415) 781-2635
5    Email: rebecca.hull@sdma.com
             michael.westheimer@sdma.com
6
     Attorneys for Defendants
7    Metropolitan Life Insurance Company,
     and Bank of America Long Term Disability Benefits Plan
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12   Marianne Dilley,                    CASE NO. C 07-01831 PJH

13        Plaintiff,                     STIPULATION AND [PROPOSED]
                                         ORDER REGARDING APPLICABLE
14        v.                             STANDARD OF REVIEW

15   Metropolitan Life Insurance Company;   Date:   December 5, 2007
     Bank of America Long Term Disability   Time:   9:00 a.m.
16   Benefits Plan,                         Judge:  Hon. Phyllis J. Hamilton
                                            Ctrm:   3, 17th Floor
17        Defendant.

18

19        Plaintiff Marianne Dilley and Defendants Metropolitan Life Insurance Company

20   ("MetLife") and Bank of America Long Term Disability Benefits Plan (the "Plan") (collectively,

21   "the parties") hereby stipulate and agree as follows:

22        WHEREAS, Plaintiff's action for long term disability ("LTD") benefits under the Plan

23   arises under and is governed by the Employee Retirement Income Security Act of 1974, as

24   amended ("ERISA"), 29 U.S.C. section 1001, *et seq.*;

25        WHEREAS, at the Case Management Conference on July 12, 2007, the parties disagreed

26   on whether the applicable standard of review in this ERISA action should be abuse of discretion

27   or *de novo*, and accordingly, the Court set a briefing schedule for Defendants to file an early

28   motion for partial summary judgment on standard of review in order to determine that issue;

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1        WHEREAS, pursuant to a stipulation and order entered by the Court on October 9, 2007,

2   the briefing schedule for Defendants to file their early motion for partial summary judgment to

3   establish the applicable standard of review was extended to October 31, 2007, with a hearing date

4   of December 5, 2007;

5        WHEREAS, the parties agree that the Plan (including p. 54 of the document attached as

6   Exhibit A to Plaintiff's Complaint in this action) expressly confers discretionary authority on

7   MetLife in its capacity as the claim administrator to interpret the terms of the Plan and to

8   determine eligibility for and entitlement to Plan benefits in accordance with the terms of the Plan;

9   and

10       WHEREAS, in light of the foregoing, the parties concur that the applicable standard of

11   review is abuse of discretion, but Plaintiff wishes to preserve her right to raise issues in a

12   subsequent dispositive motion regarding the degree of deference that should be afforded by the

13   Court in applying abuse of discretion review, in accordance with *Abatie v. Alta Health & Life*

14   *Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (*en banc*);

15       NOW, THEREFORE, the parties hereby stipulate to and mutually request that the Court

16   issue an Order as follows:

17      1.    The abuse of discretion standard of review applies in this ERISA action;

18      2.    The parties may raise issues in a subsequent dispositive motion  regarding the

19   degree of deference that should be afforded by the Court in applying abuse of discretion review,

20   in accordance with *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc);

21   and

22      3.    This stipulation and order, if entered by the Court, obviates the need for the

23   parties to brief an early partial summary judgment motion on whether the applicable standard of

24   review in this action is abuse of discretion or *de novo*, and accordingly, the briefing schedule and

25   hearing date of December 5, 2007 for the early partial summary judgment motion on standard of

26   / / /

27   / / /

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP
28   / / /

EXHIBIT B



1   review should be vacated.

2          IT IS SO AGREED AND STIPULATED.

3   DATED: October 26, 2007          SHERNOFF BIDART & DARRAS, LLP

4

5                                    By: __/s/ (as authorized on 10/26/07)_____
                                         Frank N. Darras
6                                        Attorneys for Plaintiff, Marianne Dilley

7

8   DATED: October 26, 2007          SEDGWICK, DETERT, MORAN & ARNOLD LLP

9

10                                   By: __/s/  Michael N. Westheimer_____
                                         Rebecca A. Hull
11                                       Michael N. Westheimer
                                         Attorneys for Defendants, Metropolitan Life Insurance
12                                       Company, and Bank of America Long Term Disability
                                         Benefits Plan
13

14          IT IS SO ORDERED.

15   DATED: __10/29/07_____

16

17

18

19

20

21

22

23

24

25

26

27

28   **SEDGWICK**
     DETERT, MORAN & ARNOLD LLP



**SHERNOFF BIDART DARRAS**
LAWYERS FOR INSURANCE POLICYHOLDERS

ONTARIO OFFICE

3257 EAST GUASTI ROAD
SUITE 300
ONTARIO CA 91761
TEL 909 390 3770
FAX 909 974 2121

INFO@SBD-LAW.COM
WWW.SBD-LAW.COM

October 26, 2007

*By U.S. Mail & Facsimile (415) 781-2635)*

Rebecca A. Hull, Esq.
Michael N. Westheimer, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

*Re:*    *Marianne Dilley v. Met Life*

   *Claim #710409097581*
   *Group #34701*
   *Employer: Bank of America*

Dear Michael:

This will confirm our conversation of yesterday, October 25, 2007, in which we met and conferred regarding discovery. If your recollection of our conversation differs from what I have set forth here, please let me know.

On October 5, 2007, our office provided Ms. Hull with drafts of the interrogatories, requests for production and depositions that Plaintiff was requesting in this matter. At that time, the parties also submitted a stipulation requesting that the Court grant a three-week extension giving the parties until October 31, 2007 in which to file their respective motions to establish the applicable standard of review and to determine the availability of discovery. On October 9, 2007, the Court signed the Stipulation and Order granting the extension.

I followed up with Ms. Hull via email on October 23, 2007 and left her a voice mail message on October 24, 2007 regarding the status of MetLife's position regarding Plaintiff's discovery. In response, you and I had a lengthy conversation on October 25, 2007 about our respective positions regarding Plaintiff's proposed discovery.

In summary, you explained that it was MetLife's position that *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc), never actually allowed for discovery, and the courts would not allow for discovery in ERISA cases unless the specific case was different and supported a reason for discovery, which this case did not. You also stated that it was MetLife's position that Plaintiff's proposed discovery was way beyond that contemplated by *Abatie*.

000009

EXHIBIT C

BEVERLY HILLS • CLAREMONT • LAGUNA BEACH • ONTARIO • PALM DESERT



Mr. Westheimer:
Friday, October 26, 2007
Page 2

I explained that it was Plaintiff's position that, as the Plan grants discretion to MetLife, *Abatie* and its progeny allowed for discovery regarding any conflict of interest that may have impacted MetLife's decision to deny the claim. I also stated that Plaintiff's proposed discovery was narrowly tailored to the issue of MetLife's conflict of interest, which included MetLife's relationship with NMR as MetLife relied on the opinion of an NMR retained physician to deny Plaintiff's claim.

Case 3:07-cv-01831-PJH     Document 26     Filed 10/31/2007     Page 10 of 25

Although we basically agreed to disagree, our efforts were not futile in that during the meet and confer process the parties narrowed the discovery in dispute. Specifically, you explained that MetLife would agree to voluntarily answer Interrogatories #1, 2, 4 and 5 (however MetLife had no reason to know and was not obliged to investigate the "name and address of the reviewing doctor's employer") as MetLife had already provided this type of discovery information in the past. With regard to Interrogatory #3, you explained that the information requested was not relevant and that it would be exceedingly difficult and burdensome for MetLife to answer as MetLife does not have a data base with this type of information. With regard to Interrogatory #6, you explained that this information was not relevant and that MetLife reviews claims in accordance with ERISA regulations and the Plan documents, which control.

With regard to the Requests for Production of Documents #1-14, you explained that it was MetLife's position that the discovery was not warranted and MetLife would not agree to produce anything. With regard to Request #15, you explained that MetLife would object to this request as moot because MetLife had already produced the administrative record in its Initial Disclosures and MetLife would not produce it again.

With regard to the requested Depositions, you explained that it was MetLife's position that none of the depositions were warranted, and MetLife would not agree to any of them.

Ultimately, you and I agreed that Plaintiff would formally serve Interrogatories (set one) consisting of the draft interrogatories #1, 2, 4 and 5 (with the caveat as above), which MetLife had agreed to answer. We further agreed that Plaintiff would hold off on formally serving the remaining discovery until after the Court ruled on Plaintiff's Motion on Entitlement to Discovery, which Plaintiff would be filing on October 31, 2007.

Thank you again for taking the time to meet and confer with me regarding Plaintiff's proposed discovery. Although our conversation was much more detailed in nature, please recognize that this letter merely summarizes our respective positions and what the parties agreed to with respect to discovery. However, if your recollection of our conversation is different, please let me know.

Sincerely,

SHERNOFF BIDART & DARRAS, LLP

LISSA A. MARTINEZ

000010

EXHIBIT C



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Tel: 415.781.7900 Fax: 415.781.2635

www.sdma.com

October 29, 2007

**VIA FACSIMILE, CONFIRMED BY U.S. MAIL**
Lissa A. Martinez
Shernoff, Bidart & Darras LLP
3257 E. Guasti Road, Suite 300
Ontario, CA 91761

Re:    Marianne Dilley v. Metropolitan Life Insurance Co., et al.
       File No.: 0584-007525

Dear Lissa:

I reviewed facsimile letter that you sent in the above case, which was received by my office after close of business on Friday, October 26, 2007 and purports to characterize our conversation of the previous day. You asked me to let you know if my recollection of our conversation differs from yours. My recollection differs in many respects. However, rather than engage in the tedious task of preparing a line-by-line response, I will state instead that I disagree with each of the characterizations in your letter except as indicated below.

We initially discussed the Court's requirement that plaintiff is required to file a motion for leave to conduct discovery before any discovery may be propounded in this ERISA action. In anticipation of filing such a motion, you sent my office plaintiff's proposed discovery requests, consisting of 15 requests for production, six interrogatories and five depositions, and you asked to meet and confer over the proposed discovery.

During our meet-and-confer teleconference on October 25, 2007, I observed that plaintiff's proposed discovery appears to be the same *pro forma* discovery served by your office in other ERISA actions, and I asked whether there was anything in particular about *this* ERISA action that warrants such discovery to be conducted. You said no, that your office generally seeks this discovery in ERISA actions to explore structural conflict of interest.

We briefly discussed the Ninth Circuit's opinion in *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc). You interpreted *Abatie* as permitting the discovery plaintiff proposed. I responded that *Abatie* does not even address the issue of discovery, and thus cannot be said to have resolved such issues. I did not state that *Abatie* "contemplated" any specific discovery, nor make any statements as to "MetLife's position" on that issue. I did acknowledge, however, that we would have to agree to disagree on whether *Abatie* permits plaintiff to conduct the proposed discovery as a matter of course in ERISA actions.

SF/1455218v1

EXHIBIT C

Austin ▪ Bermuda* ▪ Chicago ▪ Dallas ▪ Houston ▪ London ▪ Los Angeles ▪ New York ▪ Newark ▪ Orange County ▪ Paris ▪ San Francisco ▪ Zurich

*Affiliated office.

Lissa A. Martinez
Re: Marianne Dilley v. Metropolitan Life Insurance Co., et al.
October 29, 2007
Page 2

In an effort to meet and confer in good faith, I stated that MetLife would voluntarily respond to plaintiff's proposed Interrogatory Nos. 1, 2, 4 and 5, regarding number of and amounts paid to NMR for physician consultant reviews. I observed that Interrogatory No. 5 is overly vague and ambiguous, but that MetLife would voluntarily provide a response to that interrogatory because it appears to duplicate the other interrogatories for which a response would be provided. I did not make any statements as to whether MetLife was "obligated to investigate" any particular issues. I did state, however, that MetLife would not voluntarily respond to the other discovery plaintiff proposed because it is overly broad and unduly burdensome, and reflects an attempt to embark on a discovery fishing expedition that is not permitted under ERISA.

My remarks above fully summarize the substance of our conversation on October 25, 2007. If there are any additional issues you would like me to address, please let me know and I will provide a further written response.

Regards,

Michael N. Westheimer
Sedgwick, Detert, Moran & Arnold LLP

MNW/mmm

SF/1455218v1

000012

EXHIBIT C

**SHERNOFF BIDART DARRAS**ᴸᴸᴾ
LAWYERS FOR INSURANCE POLICYHOLDERS

ONTARIO OFFICE
————
3257 EAST GUASTI ROAD
SUITE 300
ONTARIO CA 91761
TEL 909 390 3770
FAX 909 974 2121

INFO@SBD-LAW.COM
WWW.SBD-LAW.COM

October 30, 2007

*By U.S. Mail & Facsimile (415) 781-2635*

Michael N. Westheimer, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD, LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Re:   *Marianne Dilley v. Met Life*
      *Claim #710409097581*
      *Group #34701*
      *Employer: Bank of America*

Dear Michael:

Thank you for your October 29, 2007 response to my letter summarizing our meet-and-confer teleconference on October 25, 2007. As I explained, the purpose of that letter was to summarize the parties "general" (rather than specific) positions regarding Plaintiff's proposed discovery and document what the parties agreed to, i.e., MetLife agreed to voluntarily respond to Plaintiff's proposed Interrogatories No. 1, 2, 4 and 5, with the remaining proposed discovery being addressed in Plaintiff's Motion on Entitlement to Discovery. While I appreciate that your recollection of our conversation differs from mine, I take special exception with one point in particular.

Specifically, although I agree that you stated that "plaintiff's proposed discovery appears to be the same *pro forma* discovery served by your office in other ERISA actions," I disagree with your characterization of my response to your question of "whether there was anything in particular about *this* ERISA action that warrants such discovery." I did not respond, as indicated in your letter, with a no and that my firm generally seeks this discovery in ERISA actions to explore structural conflict of interest. Rather, I responded that *Abatie* does not require something "specific" other than the presence of a "structural" conflict – which we have in this case as MetLife both administers and funds the disability plan – in order to warrant discovery. I went on to explain that Plaintiff's proposed discovery was not "*pro forma*" discovery served in all of our ERISA actions, but was specific to this case and narrowly tailored to the issue of MetLife's conflict of interest, which included the relationship between MetLife and NMR as MetLife relied on the opinion of an NMR retained physician to deny Plaintiff's claim. As such, Plaintiff was allowed discovery on the issue of the general relationship between MetLife and NMR, and the specific relationship with regards to Plaintiff's claim and the motivations leading to the opinions of the reviewing NMR retained doctor, as well as the motivations of those individuals who denied Plaintiff's claim, and that such information was not contained in the administrative record.

000013                                    EXHIBIT  C



Mr. Westheimer:
Tuesday, October 30, 2007
Page 2

I hope this clarifies our position with respect to the above point regarding Plaintiff's proposed discovery.

Sincerely,

SHERNOFF BIDART & DARRAS, LLP

LISSA A. MARTINEZ

LAM/lam

000014                    EXHIBIT C

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA  91761
   Phone:      (909) 390-3770
4  Facsimile:  (909) 974-2121
   Email: fdarras@sbd-law.com
5
6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10

11 MARIANNE DILLEY,                    | Case No.: C 07-01831 PJH

12              Plaintiff,             | INTERROGATORIES

13    vs.

14 METROPOLITAN LIFE INSURANCE
15 COMPANY; BANK OF AMERICA LONG
   TERM DISABILITY BENEFITS PLAN,
16
17              Defendants.

18

19    PROPOUNDING PARTY:  Plaintiff, MARIANNE DILLEY

20    RESPONDING PARTY:   Defendant, METROPOLITAN LIFE INSURANCE

21 COMPANY ("METLIFE")

22    SET NO.:           ONE (1)

23    TO THE DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY, AND

24 TO ITS ATTORNEYS OF RECORD:

25    Plaintiff requests that pursuant to Federal Rules of Civil Procedure, rule 33, each

26 of the following interrogatories be answered fully, separately, and under oath within

27 thirty (30) days by defendant.

28 ///

000015

EXHIBIT  D

- 1 -

COPY

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

**INSTRUCTIONS**

In answering these interrogatories, you are required to furnish information not only within your own knowledge or obtainable by you, but any information or knowledge in the possession of or obtainable by your attorneys, investigators, adjusters, insurance carrier, representatives, agents, or anyone acting on your behalf or their behalf.

If you are unable to answer the question in full after exercising due diligence to secure the information to do so, answer as completely as possible and then explain the reason you are unable to answer more fully, and state the name, address (business and residence), and telephone number (business and residence) of any person or persons able to supply the information.

If you determine that any question is not applicable, and consequently deserves no answer, state in detail why it is not applicable.

The term "you" or "your" refers to you, your agents, employees, investigators or anyone acting in your behalf.

The term "document(s)" includes all writings, recordings, photographs, motion pictures, electronic computer data storage, or other form of recordation or reproduction, whether original or copies.

**INTERROGATORIES**

1.  For each year from 2002 to the present, state the number of claims that Metropolitan Life Insurance Company ("METLIFE") has referred to Network Medical Review and Network Medical Review affiliated companies or entities, including Elite Physicians, Ltd. (collectively "NMR"), for medical services, including (but not limited to) medical record reviews.

2.  For each year from 2002 to the present, state the total amount paid by METLIFE to NMR for medical services, including (but not limited to) medical record reviews.

3.  State the amount paid to NMR by METLIFE for work performed

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

000016

EXHIBIT D

1    regarding Plaintiff and/or the subject claim.

2        4.  For each doctor who reviewed medical records regarding the Plaintiff

3    and/or the subject claim on behalf of METLIFE, state the following:

4        •  The name and address of the doctor's employer;

5        •  Whether or not METLIFE had a contract with the doctor during the

6    subject claim that was in full force and effect; and

subject 3:07-cv-03853-VRW   Document 13   Filed 10/31/2007    Page 17 of 25

7        •  The amount paid for the medical record review and to whom the

8    payment was made.

9

10   Dated:  October 26, 2007          SHERNOFF BIDART & DARRAS, LLP

11

12                                     *Frank N Darras*

13                                     FRANK N. DARRAS
                                       Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

000017          EXHIBIT D

PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE

Dilley v. METLIFE
Case No: C 07-01831 PJH

## PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3257 East Guasti Road, Suite 300, Ontario, California 91761.

On **October 26, 2007**, I served the foregoing document described as:

   INTERROGATORIES, SET ONE

on all interested parties in this action by placing [ ] the original  [ X ]a true copy  thereof enclosed in sealed envelopes addressed as follows:

**Rebecca A. Hull, Esq.**
**Michael N. Westheimer, Esq.**
**SEDGWICK, DETERT, MORAN & ARNOLD LLP**
**One Market Plaza**
**Steuart Tower, 8th Floor**
**San Francisco, CA  94105**
**Phone: (415) 781-7900**
**Fax: (415) 781-2635**

**Attorneys for Defendants: Metropolitan Life Insurance Company and Bank of America LTD Benefits Plan**

[ X ]BY MAIL
      I caused such envelope to be deposited in the mail at Ontario, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ]BY PERSONAL SERVICE
      I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ]BY OVERNIGHT MAIL/COURIER
      To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ x ]BY FACSIMILE ("FAX")
      In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **October 26, 2007**, at Ontario, California.

Catherine Carvalho

000018                    EXHIBIT  D

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA  91761
   Phone:      (909) 390-3770
4  Facsimile:   (909) 974-2121
   Email: fdarras@sbd-law.com
5
6  Attorneys for Plaintiff

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  MARIANNE DILLEY,                    Case No.: C 07-01831 PJH

12          Plaintiff,

                                        INTERROGATORIES
13      vs.

14
    METROPOLITAN LIFE INSURANCE
15  COMPANY; BANK OF AMERICA LONG
    TERM DISABILITY BENEFITS PLAN,
16
17          Defendants.

18

19      PROPOUNDING PARTY:  Plaintiff, MARIANNE DILLEY

20      RESPONDING PARTY:    Defendant, METROPOLITAN LIFE INSURANCE

21  COMPANY ("METLIFE")

22      SET NO.:              TWO (2)

23      TO THE DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY, AND

24  TO ITS ATTORNEYS OF RECORD:

25      Plaintiff requests that pursuant to Federal Rules of Civil Procedure, rule 33, each

26  of the following interrogatories be answered fully, separately, and under oath within

27  thirty (30) days by defendant.

28  ///                          000019

EXHIBIT E

**INSTRUCTIONS**

1  
2      In answering these interrogatories, you are required to furnish information not

3  only within your own knowledge or obtainable by you, but any information or knowledge

4  in the possession of or obtainable by your attorneys, investigators, adjusters, insurance

5  carrier, representatives, agents, or anyone acting on your behalf or their behalf.

6      If you are unable to answer the question in full after exercising due diligence to

7  secure the information to do so, answer as completely as possible and then explain the

8  reason you are unable to answer more fully, and state the name, address (business and

9  residence), and telephone number (business and residence) of any person or persons

10 able to supply the information.

11      If you determine that any question is not applicable, and consequently deserves

12 no answer, state in detail why it is not applicable.

13      The term "you" or "your" refers to you, your agents, employees, investigators or

14 anyone acting in your behalf.

15      The term "document(s)" includes all writings, recordings, photographs, motion

16 pictures, electronic computer data storage, or other form of recordation or reproduction,

17 whether original or copies.

**INTERROGATORIES**

18  
19      5.      For each year from 2002 to the present, state the number of claims denied

20 by METLIFE based, in whole or in part, upon medical record reviews by NMR.

21      6.      State the name of each and every claims manual, or other document

22 setting forth procedures to be used by METLIFE personnel to process a disability claim,

23 that was in full force and effect during the subject claim.

24

25 Dated:  December _____, 2007        SHERNOFF BIDART & DARRAS, LLP

26

27                                          *Frank N Darras*

28                                          FRANK N. DARRAS
                                           Attorneys for Plaintiff

000020

EXHIBIT E

- 2 -

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA 91761
   Telephone:   (909) 390-3770
4  Facsimile:    (909) 974-2121
   Email: fdarras@sbd-law.com
5
6  Attorneys for Plaintiff

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10 MARIANNE DILLEY,                          Case No.: C 07-01831 PJH

11            Plaintiff,

12     vs.                                   FORMAL REQUEST FOR DISCOVERY
                                             AND PRODUCTION OF DOCUMENTS
13                                           AND THINGS FOR INSPECTION,
   METROPOLITAN LIFE INSURANCE               COPYING OR PHOTOGRAPHING
14 COMPANY; BANK OF AMERICA LONG             PURSUANT TO FEDERAL RULES OF
   TERM DISABILITY BENEFITS PLAN,            CIVIL PROCEDURE, RULE 34
15
16            Defendants.

17

18

19     DEMANDING PARTY:     Plaintiff, MARIANNE DILLEY

20     RESPONDING PARTY:    Defendant, METROPOLITAN LIFE INSURANCE

21 COMPANY

22     SET NO.:             ONE (1)

23     TO THE DEFENDANT, METROPOLITAN LIFE INSURANCE COMPANY, AND

24 TO ITS ATTORNEYS OF RECORD:

25     Pursuant to the Federal Rules of Civil Procedure, Rule 34, plaintiff hereby

26 formally demands production and inspection of the following documents within thirty

27 (30) days by defendant at the hour of 10:00 a.m. at the office of plaintiff's attorneys

28 located at 3257 East Guasti Road, Suite 300, Ontario, California.

                            000021
                            - 1 -                    EXHIBIT F

*(Left margin, vertical text):* SHERNOFF BIDART DARRAS  LAWYERS FOR INSURANCE POLICYHOLDERS  600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

1    The manner of inspection shall be personal inspection including the copying or

2    photographing by or on behalf of the plaintiff the below-mentioned documents, and

3    other tangible things.  If you withhold any documents requested because you claim a

4    privilege, state the privilege claimed for each and every document, describe each

5    document by its author, describe the name and occupation of the author, describe the

6    name and occupation of each recipient, date of issuance, who, if anyone, received a

7    copy of the document, and its general subject matter, including a brief description of the

8    nature and context.  Please number the documents produced sequentially to conform

9    with the order in which the documents are maintained in your files.

10    A personal appearance by defendant and/or counsel is not required if defendant

11    will submit copies of the documents described below with their verification, executed

12    under penalty of perjury, verifying that the copies provided are accurate and true copies

13    of the complete records requested.

14    PLEASE NOTE:  Federal Rules of Civil Procedure, rule 34(b) requires two acts

15    for compliance with this request:

16    (1)    Service of a written response under oath within 30 days; and

17    (2)    Production of documents or tangible things on or before the date of

18        production specified above.

19    **DEFINITIONS AND INSTRUCTIONS**

20    (1)    As used herein, the term "document(s)" is used in the broadest possible

21    sense and includes all those items mentioned in the definition of "writings" in Federal

22    Rules of Evidence, Rule 1001.  The term "document" also includes information or

23    programs stored in a computer, including electronic mail, whether or not ever printed out

24    or displayed.

25    (2)    "All documents" shall mean every document, whether an original or copy,

26    known to you or which you can locate or discover by reasonably diligent effort, within

27    your custody, possession or control, or the custody, possession or control of your

28    present or former attorneys, accountants, insurance carriers, representatives,

000022



PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

1  employees and/or agents.

2      (3)    As used herein, the term "communication" means any transmission of

3  information from one person or entity to another, other than by document, including

4  (without limitation) by personal meeting, conference, conversation, telephone, radio,

5  telegraph, electronic mail, teleconference, etc.

6      (4)    As used herein, the term "METLIFE" means Defendant METROPOLITAN

7  LIFE INSURANCE COMPANY, any present and former agents, divisions, subsidiaries,

8  successors and assigns, officers, directors, employees, investigators, consultants,

9  advisors, accountants, and attorneys, and all other persons or entities acting on behalf

10  of METROPOLITAN LIFE INSURANCE COMPANY.

11      (5)    If the responding party objects to the demand for inspection of an item or

12  category of item, the response shall:

13          (A)    identify with particularity any document, communication, or tangible

14  thing falling within any category of item in the demand to which an objection is being

15  made, and

16          (B)    set forth clearly the extent of, and the specific ground for, the

17  objection.  If an objection is based on a claim of privilege, the particular privilege

18  invoked shall be stated.

19                    **DOCUMENTS REQUESTED**

20      1.  Pursuant to 28 U.S.C. section 1732, a true and correct copy of the

21  following item which has been kept in the regular course of business: The Physician File

22  Review Services Agreement dated on or about October 1, 1999 between METLIFE and

23  Network Medical Review Company ("NMR").

24      2.  Pursuant to 28 U.S.C. section 1732, a true and correct copy of the

25  following item which has been kept in the regular course of business: any and all

26  updates, revisions and/or amendments to the Physician File Review Services

27  Agreement dated on or about October 1, 1999 between METLIFE and NMR.

28      3.  Pursuant to 28 U.S.C. section 1732, a true and correct copy of the

000023

EXHIBIT F

- 3 -

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

1    following item which has been kept in the regular course of business: Any and all

2    documents or communications between NMR and METLIFE regarding the procedures

3    to be followed for review of medical records during the subject claim.

4        4.  Any and all invoices received by METLIFE from NMR regarding Plaintiff

5    and/or the subject claim.

6        5.  Any and all documents and communications regarding payment by

7    METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

8        6.  Any and all documents and communications between NMR and METLIFE

9    regarding Plaintiff and/or the subject claim.

10        7.  Any and all documents and communications describing or relating to

11    METLIFE's standards, guidelines or criteria for hiring outside medical consultants that

12    were in full force and effect during the subject claim.

13        8.  Pursuant to 28 U.S.C. section 1732, a true and correct copy of the

14    following item which has been kept in the regular course of business: those portions of

15    the METLIFE Disability Claim Library that were in full force and effect during the subject

16    claim referencing and/or discussing the following:

17            • Claim Management Guidelines for claim denials or terminations;

18            • Claim Management Guidelines regarding self-reported diseases

19        and conditions;

20            • Objective Medical Evidence;

21            • Physician File Reviews ("PFR");

22            • Independent Medical Evaluations ("IME");

23            • Independent Physician Consultant Reviews ("IPC");

24            • Vendor Management of the Physician Consultant Program.

25        9.  Any and all documents and communications distributed to METLIFE

26    medical record reviewers, including doctors, nurses, or other medical professionals, or

27    claims persons entitled "Clinical Best Practice Walk Ups or Walk Arounds."

28        10.  Any and all documents and communications distributed to METLIFE

000024

- 4 -

EXHIBIT F

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 91711  TEL 909 621 4935

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD  CLAREMONT CA 9171  TEL 909 621 4935

1  medical record reviewers, including doctors, nurses, or other medical professionals, or

2  claims persons entitled "checklist for Clinical Resource Walk Up."

3      11.    Any and all documents and communications distributed to METLIFE

4  medical record reviewers, including doctors, nurses, or other medical professionals

5  regarding pain and/or subjective complaints that were in full force and effect during the

6  subject claim.

7      12.    Any and all documents and communications distributed to METLIFE

8  medical record reviewers, including doctors, nurses, or other medical professionals

9  regarding objective medical evidence that were in effect during the subject claim.

10      13.    Any and all contracts between METLIFE and any nurse, doctor or other

11  medical professional who reviewed documents regarding Plaintiff and/or the subject

12  claim.

13      14.    Any and all documents and communications reflecting incentives,

14  commissions, and/or bonuses for any of METLIFE's claims personnel who

15  determined/participated in the determination of Plaintiff's claim.

16      15.    Any and all documents and communications contained in the

17  Administrative record for the subject claim.

18

19  Dated:  December _____, 2007        SHERNOFF BIDART & DARRAS, LLP

20

21                                       _Frank N. Darras_

22                                       FRANK N. DARRAS
                                         Attorneys for Plaintiff

23

24

25

26

27

28

000025                    EXHIBIT F