FRANK N. DARRAS #128904
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121
Email: fdarras@sbd-law.com

Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,

Defendants.

Case No: C 07-01831 PJH

PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF NMR/ELITE PHYSICIANS LIMITED

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff will take the depositions of NMR/Elite Physicians Limited, 6788 Mill Road, Rockford, Illinois 61108 (815) 399-5180 NMR#: D41701.01; D41701.02; D41701.03; D41701.04 at the Hyatt Regency, 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 at the following dates and times:

| DATE | DEPONENT | TIME |
|---|---|---|
| January 9, 2008 | Person Most Knowledgeable from Network Medical Review Company ("NMR") regarding any and all agreements and/or contracts between NMR and Metropolitan Life Insurance Company ("METLIFE") that were in full force and effect from 2002 to the present | 8:00 a.m. |
| January 9, 2008 | Person Most Knowledgeable from NMR regarding procedures to be used by NMR for medical records | To follow |

000026

EXHIBIT G

Case 3:07-cv-01831-PJH Document 27 Filed 10/31/2007 Page 2 of 25

| DATE | DEPONENT | TIME |
|---|---|---|
| | reviews performed on behalf of METLIFE | |
| January 9, 2008 | Person Most Knowledgeable from NMR regarding the number of files/claims referred to NMR from METLIFE since 2002 | To follow |
| January 9, 2008 | Person Most Knowledgeable from NMR regarding payments received from METLIFE for services provided from 2002 to the present | To follow |
| January 10, 2008 | Person Most Knowledgeable from NMR regarding payments received from METLIFE for services provided regarding Plaintiff and/or the subject claim | 8:00 a.m. |
| January 10, 2008 | Person Most Knowledgeable from NMR regarding reviews conducted by Marc Soriano, M.D. for NMR, including: -Contracts between NMR and Dr. Soriano -Payments from NMR to Dr. Soriano from 2002 to the present; and, -The number of files reviewed by Dr. Soriano on behalf of NMR | To follow |

The witnesses are being served with a subpoena for personal appearance and production of **ORIGINAL** documents and things, a copy of which is attached.

This notice is being served on the following parties and/or attorneys for parties.

Said depositions will take place before a Notary Public for the State of Illinois and in the event that the depositions are not completed on the above date, the depositions will continue to such other dates as are convenient to counsel, from day to day until completed. Said depositions will be recorded stenographically and may also be videotaped or audiotaped. If said depositions are recorded by videotape, it is intended for possible use at trial.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

IF AN INTERPRETER IS REQUIRED TO TRANSLATE TESTIMONY, NOTICE SHALL BE GIVEN AT LEAST TEN (10) DAYS BEFORE THE DEPOSITION DATE AND

///

///

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

THE SPECIFIC LANGUAGE AND/OR DIALECT DESIGNATED.

Dated: December ______, 2007

SHERNOFF BIDART & DARRAS, LLP

[signature]

FRANK N. DARRAS
Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000028

EXHIBIT G

- 3 -
PLAINTIFF'S NOTICE OF TAKING DEPOSITION OF NMR/ELITE PHYSICIANS LIMITED

AO88 (Rev 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

V.

METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 07-01831 PJH

TO: NMR/Elite Physicians Limited, 6788 Mill Road, Rockford, Illinois 61108 (815)399-5180

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/9/2008; 8:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
| --- | --- |
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/9/2008; 8:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Frank N. Darras, Attorneys for Plaintiff | December , 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Frank N. Darras #128904 (909) 390-3770
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300, Ontario, CA 91761

000029

EXHIBIT G

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

 EXHIBIT G

2002 © American LegalNet, Inc.

Case 3:07-cv-01831-PJH Document 27 Filed 10/31/2007 Page 6 of 25

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

**ATTACHMENT "A" TO DEPOSITION SUBPOENA**

1. The Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Network Medical Review Company ("NMR").

2. Any and all updates, revisions and/or amendments to the Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Network Medical Review Company.

3. Any and all documents or communications between NMR and METLIFE regarding the procedures to be followed for review of medical records during the subject claim.

4. Any and all invoices received by METLIFE from NMR regarding Plaintiff and/or the subject claim.

5. Any and all documents and communications regarding payment by METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

6. The complete personnel file kept by NMR on the Marc Soriano, M.D.

EXHIBIT G

AO88 (Rev 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

V.

METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 07-03831 PJH

TO: NMR/Elite Physicians Limited, 6788 Mill Road, Rockford, Illinois 61108 (815)399-5180

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/10/2008; 8:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/10/2008; 8:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Frank N Darras, Attorneys for Plaintiff | December , 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Frank N. Darras #128904 (909) 390-3770
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300, Ontario, CA 91761

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

EXHIBIT G

[1] If action is pending in district other than district of issuance, state district under case number.

2002 © American LegalNet, Inc.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

______________________
SIGNATURE OF SERVER

______________________
ADDRESS OF SERVER

______________________

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.



**ATTACHMENT "A" TO DEPOSITION SUBPOENA**

1. The Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Network Medical Review Company ("NMR").

2. Any and all updates, revisions and/or amendments to the Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Network Medical Review Company.

3. Any and all documents or communications between NMR and METLIFE regarding the procedures to be followed for review of medical records during the subject claim.

4. Any and all invoices received by METLIFE from NMR regarding Plaintiff and/or the subject claim.

5. Any and all documents and communications regarding payment by METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

6. The complete personnel file kept by NMR on the Marc Soriano, M.D.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

EXHIBIT G

FRANK N. DARRAS #128904
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121
Email: fdarras@sbd-law.com

Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANNE DILLEY,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,<br><br>Defendants. | Case No: C 07-01831 PJH<br><br>PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF MARC SORIANO, M.D. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff will take the deposition of Marc Soriano, M.D., NMR/Elite Physicians Limited, 6788 Mill Road, Rockford, Illinois 61108 (815) 399-5180 NMR#: D41701.01; D41701.02; D41701.03; D41701.04 at the Hyatt Regency, 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 on January 10, 2008 at 1:00 p.m.

The witness is being served with a subpoena for personal appearance and production of **ORIGINAL** documents and things, a copy of which is attached.

This notice is being served on the following parties and/or attorneys for parties.

Said deposition will take place before a Notary Public for the State of Illinois and

000035

in the event that the deposition is not completed on the above date, the deposition will continue to such other dates as are convenient to counsel, from day to day until completed. Said deposition will be recorded stenographically and may also be videotaped or audiotaped. If said deposition is recorded by videotape, it is intended for possible use at trial.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

IF AN INTERPRETER IS REQUIRED TO TRANSLATE TESTIMONY, NOTICE SHALL BE GIVEN AT LEAST TEN (10) DAYS BEFORE THE DEPOSITION DATE AND THE SPECIFIC LANGUAGE AND/OR DIALECT DESIGNATED.

Dated: December ______, 2007

SHERNOFF BIDART & DARRAS, LLP

Frank N. Darras

FRANK N. DARRAS
Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000036

EXHIBIT H

AO88 (Rev 1/94) Subpoena in a Civil Case

**Issued by the**

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

V.

METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C 07-01831 PJH

TO: Marc Soriano, M.D., NMR/Elite Physicians Limited, 6788 Mill Road, Rockford, Illinois 61108 (815)399-5180

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/10/2008; 1:00 p.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| 151 E. Wacker Drive, Chicago, Ilinois 60601 (312) 565-1234 | 1/10/2008; 1:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Frank N Darras, Attorneys for Plaintiff | December , 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Frank N. Darras #128904 (909) 390-3770
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300, Ontario, CA 91761

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

000037

EXHIBIT H

2002 © American LegalNet, Inc.

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D :

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena, was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an uncertained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

2002 © American LegalNet, Inc.

# ATTACHMENT "A" TO DEPOSITION SUBPOENA

1. The Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Marc Soriano, M.D. and/or Network Medical Review Company ("NMR").

2. Any and all updates, revisions and/or amendments to the Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Marc Soriano, M.D. and/or Network Medical Review Company.

3. Any and all documents or communications between Marc Soriano, MD and METLIFE regarding the procedures to be followed for review of medical records during the subject claim.

4. Any and all invoices received by METLIFE from Marc Soriano, M.D. on behalf of NMR regarding Plaintiff and/or the subject claim.

5. Any and all documents and communications regarding payment by METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

6. The complete personnel file kept by NMR on the Marc Soriano, M.D.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000039

EXHIBIT H

FRANK N. DARRAS #128904
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121
Email: fdarras@sbd-law.com

Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIANNE DILLEY,

Plaintiff,

vs.

METROPOLITAN LIFE INSURANCE COMPANY; BANK OF AMERICA LONG TERM DISABILITY BENEFITS PLAN,

Defendants.

Case No: C 07-01831 PJH

PLAINTIFF'S NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS METROPOLITAN LIFE INSURANCE COMPANY AND REQUEST TO PRODUCE DOCUMENTS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff will take the depositions of employees, agents, officers, individually, and the FRCP 30(b)(6) witnesses designated by Defendant METROPOLITAN LIFE INSURANCE COMPANY to testify on its behalf regarding the matters set forth below, at Shernoff Bidart & Darras, LLP, 3257 East Guasti Road, Suite 300, Ontario, CA 91761 at the following dates and times:

| DATE | DEPONENT | TIME |
|---|---|---|
| January 8, 2008 | Person Most Knowledgeable from MetLife regarding payments to NMR/Elite Physicians Limited regarding services provided from 2002 to the present. | 8:30 a.m. |
| January 8, 2008 | Person Most Knowledgeable from MetLife regarding payments to NMR/Elite Physicians Limited regarding services provided regarding Plaintiff and/or the subject claim. | To follow |

000040 EXHIBIT I

| DATE | DEPONENT | TIME |
|---|---|---|
| January 8, 2008 | Sharon Muldrow, Procedural Analyst (MetLife) | To follow |
| January 8, 2008 | Stacey Friend | To follow |

Pursuant to Federal Rules of Civil Procedure 30(b)(5), each deponent is required to bring with him/her at the time of his/her deposition the following **ORIGINAL** documents, which are in his/her possession, custody or control, or which are in the possession, custody or control of his/her attorneys:

**DEFINITIONS AND INSTRUCTIONS**

(1) As used herein, the term "document(s)" is used in the broadest possible sense and includes all those items mentioned in the definition of "writings" in Federal Rules of Evidence, Rule 1001. The term "document" also includes information or programs stored in a computer, including electronic mail, whether or not ever printed out or displayed.

(2) "All documents" shall mean every document, whether an original or copy, known to you or which you can locate or discover by reasonably diligent effort, within your custody, possession or control, or the custody, possession or control of your present or former attorneys, accountants, insurance carriers, representatives, employees and/or agents.

(3) As used herein, the term "communication" means any transmission of information from one person or entity to another, other than by document, including (without limitation) by personal meeting, conference, conversation, telephone, radio, telegraph, electronic mail, teleconference, etc.

(4) As used herein, the term "METLIFE", means Defendant, METROPOLITAN LIFE INSURANCE COMPANY, any present and former agents, divisions, subsidiaries, successors and assigns, officers, directors, employees, investigators, consultants, advisors, accountants, and attorneys, and all other persons or entities acting on behalf of METROPOLITAN LIFE INSURANCE COMPANY.

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

(5) If the responding party objects to the demand for inspection of an item or category of item, the response shall:

(A) identify with particularity any document, communication, or tangible thing falling within any category of item in the demand to which an objection is being made, and

(B) set forth clearly the extent of, and the specific ground for, the objection. If an objection is based on a claim of privilege, the particular privilege invoked shall be stated.

**DOCUMENTS REQUESTED**

1. Pursuant to 28 U.S.C. section 1732, a true and correct copy of the following item which has been kept in the regular course of business: The Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and Network Medical Review Company ("NMR").

2. Pursuant to 28 U.S.C. section 1732, a true and correct copy of the following item which has been kept in the regular course of business: any and all updates, revisions and/or amendments to the Physician File Review Services Agreement dated on or about October 1, 1999 between METLIFE and NMR.

3. Pursuant to 28 U.S.C. section 1732, a true and correct copy of the following item which has been kept in the regular course of business: Any and all documents or communications between NMR and METLIFE regarding the procedures to be followed for review of medical records during the subject claim.

4. Any and all invoices received by METLIFE from NMR regarding Plaintiff and/or the subject claim.

5. Any and all documents and communications regarding payment by METLIFE to NMR for work performed pertaining to the Plaintiff and/or the subject claim.

6. Any and all documents and communications between NMR and METLIFE regarding Plaintiff and/or the subject claim.

7. Any and all documents and communications describing or relating to

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000042

EXHIBIT 1



METLIFE's standards, guidelines or criteria for hiring outside medical consultants that were in full force and effect during the subject claim.

8. Pursuant to 28 U.S.C. section 1732, a true and correct copy of the following item which has been kept in the regular course of business: those portions of the METLIFE Disability Claim Library that were in full force and effect during the subject claim referencing and/or discussing the following:

- Claim Management Guidelines for claim denials or terminations;
- Claim Management Guidelines regarding self-reported diseases and conditions;
- Objective Medical Evidence;
- Physician File Reviews ("PFR");
- Independent Medical Evaluations ("IME");
- Independent Physician Consultant Reviews ("IPC);
- Vendor Management of the Physician Consultant Program.

2. Any and all documents and communications distributed to METLIFE medical record reviewers, including doctors, nurses, or other medical professionals, or claims persons entitled "Clinical Best Practice Walk Ups or Walk Arounds."

3. Any and all documents and communications distributed to METLIFE medical record reviewers, including doctors, nurses, or other medical professionals, or claims persons entitled "checklist for Clinical Resource Walk Up."

4. Any and all documents and communications distributed to METLIFE medical record reviewers, including doctors, nurses, or other medical professionals regarding pain and/or subjective complaints that were in full force and effect during the subject claim.

5. Any and all documents and communications distributed to METLIFE medical record reviewers, including doctors, nurses, or other medical professionals regarding objective medical evidence that were in effect during the subject claim.

6. Any and all contracts between METLIFE and any nurse, doctor or other

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000043

EXHIBIT I

medical professional who reviewed documents regarding Plaintiff and/or the subject claim.

7. Any and all documents and communications reflecting incentives, commissions, and/or bonuses for any of METLIFE's claims personnel who determined/participated in the determination of Plaintiff's claim.

8. Any and all documents and communications contained in the Administrative record for the subject claim.

Said deposition will take place before a Notary Public for the State of California, and in the event that the depositions are not completed on the above date, the depositions will continue to such other dates as are convenient to counsel, from day to day until completed. Said depositions will be recorded stenographically and may also be videotaped or audiotaped. If said depositions are recorded by videotape, it is intended for possible use at trial.

A list of all parties or attorneys for parties on whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

IF AN INTERPRETER IS REQUIRED TO TRANSLATE TESTIMONY, NOTICE SHALL BE GIVEN AT LEAST TEN (10) DAYS BEFORE THE DEPOSITION DATE AND THE SPECIFIC LANGUAGE AND/OR DIALECT DESIGNATED.

Dated: December ______, 2007

SHERNOFF BIDART & DARRAS, LLP

FRANK N. DARRAS
Attorneys for Plaintiff

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

000044

EXHIBIT I

SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL Bar No. 99802
MICHAEL N. WESTHEIMER Bar No. 178938
TARA L. RIEDLEY Bar No. 236508
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Permanente Flexible Benefits Plan
and Metropolitan Life Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KONDRICK,<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE FLEXIBLE BENEFITS PLAN, METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. C06-02781 MMC<br><br>DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES (SET ONE) |

PROPOUNDING PARTY: Plaintiff, LAURA KONDRICK

RESPONDING PARTY: Defendant, METROPOLITAN LIFE INSURANCE COMPANY

SET NUMBER: ONE

///

///

///

///

///

///

000045

EXHIBIT J

## PRELIMINARY STATEMENT

The answers and objections of Defendant Metropolitan Life Insurance Company (hereafter "Defendant" or "MetLife") herein are made on the basis of information presently available to and located by Defendant upon reasonable investigation. Defendant reserves the right to modify its answers and objections herein with such additional information as it may subsequently discover.

## GENERAL OBJECTIONS

1. All responses to these interrogatories are made with an express reservation of the objections set forth herein. The general objections may be interposed for the purpose of clarity in response to any particular interrogatory. Any specific objection set forth in response to a particular interrogatory is not and shall not be deemed a waiver of such any other objections set forth generally herein, nor shall any response provided subject to objection or following objection be deemed a waiver of such objection. These objections form a part of the response to each and every interrogatory, and are set forth here to avoid duplication and repetition.

2. The fact that Defendant has responded or objected to any interrogatory, or part thereof, does not constitute and shall not be construed as an admission that Defendant accepts or admits the existence of facts alleged or assumed by such interrogatory, or that such answer or objection constitutes admissible evidence, which premise is specifically denied. Nothing herein shall be construed as an admission or representation respecting the admissibility, truth, authenticity, competence, relevance, materiality, propriety, accuracy or relevance of any documentary or other evidence. Defendant expressly reserves all objections to admission of such materials as provided by the federal rules of civil procedure and of evidence.

3. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. (hereafter "ERISA") and will be determined as a matter of law on the administrative record produced in initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Accordingly, the discovery sought is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Although the Court has discretion in ERISA actions to consider evidence outside the administrative record in limited circumstances,

Plaintiff has not obtained the Court's approval to conduct additional discovery and absent an exercise of such discretion the interrogatories are improper.

4. In light of Ninth Circuit authority holding that the goal of ERISA is to provide a method for resolving benefits disputes inexpensively and expeditiously, *Taft v. Equitable Life Assurance Co.*, 9 F.3d 1469, 1472 (9th Cir. 1994), the interrogatories are overly broad, unduly burdensome, and designed solely to vex, harass and annoy.

5. Defendant objects to the interrogatories to the extent that any definitions or instructions which are purportedly incorporated into each one renders them vague, ambiguous, unintelligible, overbroad and/or burdensome and purport to place upon Defendant burdens not imposed by the applicable Rules of court and other applicable law. Defendant's answers herein shall be in accordance with its obligations under applicable law.

6. Defendant objects to any interrogatory, or part thereof, which purports to require it to conduct an investigation beyond its own records, present officers, agents, employees, and representatives, as unduly burdensome and oppressive.

7. Defendant objects to each and every interrogatory to the extent that any such interrogatory calls for information that was prepared in anticipation of litigation or for trial, or calls for information covered by the attorney-client privilege, attorney work product doctrine or other applicable privileges. Defendant objects to the extent any interrogatory seeks information that would disclose confidential or proprietary information or that may be protected from disclosure by a right of privacy under the United States Constitution, the Constitution of the State of California, or of any other state, or by any other applicable statute, contract or common law, and expressly reserve the right to decline to produce any such information, or to produce any such information only pursuant to a protective order duly entered by the court appropriately limiting the control, use and disposition.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Please state the number of claims that MetLife has referred to Network Medical Review and Network Medical Review affiliated companies or entities, including Elite Physicians Ltd.

(collectively "NMR") and how much MetLife has paid for such reviews for the years 2003, 2004, 2005, and 2006. Please specify the statistics on a yearly basis.

**RESPONSE TO INTERROGATORY NO. 1**

Defendant asserts General Objections 1 through 7 above, and incorporates each of them by reference as though fully set forth herein. Defendant further objects that the interrogatory is compound, overbroad in time and scope, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendant responds as follows:

- 2003 – 922 claims were referred, $568,305 was paid.
- 2004 – 1,500 claims were referred, $934,690 was paid.
- 2005 – 3,209 claims were referred, $2,063,890 was paid.
- 2006 (through August 31) – 3,360 claims were referred, $2,102,535 was paid.

**INTERROGATORY NO. 2**

Of the claims identified in INTERROGATORY NO. 1, please state the number of claims MetLife denied or had appeals that MetLife denied within six months of the referral to NMR. Please specify the statistics on a yearly basis.

**RESPONSE TO INTERROGATORY NO. 2**

Defendant asserts General Objections 1 through 7 above, and incorporates each of them by reference as though fully set forth herein. Defendant further objects that the request is vague and ambiguous, unduly burdensome, compound, overbroad in time and scope, and seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

**INTERROGATORY NO. 3**

Please state the number of disability insurance claim appeals with MetLife in which Sharon Muldrow handled the appeal for MetLife for the years 2003, 2004, 2005, and 2006, and state the number of those appeals identified where MetLife reversed the initial denial. Please specify the statistics on a yearly basis.

///

**RESPONSE TO INTERROGATORY NO. 3**

Defendant asserts General Objections 1 through 7 above, and incorporates each of them by reference as though fully set forth herein. Defendant further objects that the request is vague and ambiguous, unduly burdensome, compound, overbroad in time and scope, and seeks information that is irrelevant and not reasonably calculated to lead to discovery of admissible evidence.

DATED: September 21, 2006 SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: ______________________
Rebecca A. Hull
Michael N. Westheimer
Attorneys for Defendants
Kaiser Permanente Flexible Benefits Plan and
Metropolitan Life Insurance Company

EXHIBIT J

VERIFICATION

I, Laura Sullivan, declare as follows:

I am employed with Metropolitan Life Insurance Company as a Business Consultant and have been authorized to make this verification on its behalf. I have read Defendant Metropolitan Life Insurance Company's Responses to Plaintiff's Interrogatories, Set One, served by plaintiff in the action Laura Kondrick v. Kaiser Permanente Flexible Benefits Plan, et al., U.S. District Court, Northern District of California, Case No. C06-02781 MMC, and know the contents thereof. I am informed and believe and thereon assert that the matters stated in said document are true and correct.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at Mt. Prospect, Illinois on September 20, 2006.

Metropolitan Life Insurance Company

By [signature]
Laura Sullivan

EXHIBIT J