IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WALKER,<br><br>    Plaintiff,<br><br>  v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, KAISER PERMANENTE FLEXIBLE BENEFITS PLAN, and DOES 1 through 10, inclusive,<br><br>    Defendants. | No. C 07-03772 WHA<br><br>**ORDER GRANTING LIMITED DISCOVERY** |

## INTRODUCTION

In this ERISA action, plaintiff David Walker sued defendants Metropolitan Life Insurance Company and Kaiser Permanente Flexible Benefits Plan (the "Plan") for denying his claim for disability benefits. Defendants moved for summary judgment on the ground that the claim administrator did not wrongfully deny the claim. In his opposition, plaintiff seeks further discovery regarding MetLife's conflict of interest in denying his claim. For the reasons stated below, the request for discovery is **GRANTED**.

## STATEMENT

Plaintiff worked as a Local Area Network administrator for Kaiser Foundation Hospitals and was a participant in the Plan. According to the Plan's Summary Plan Description ("SPD"), "MetLife is the insurer and third party administrator for the Employee life, Dependent life and Long-Term Disability insurance plans . . . In the event of a Long-Term Disability, you must

also provide this information to MetLife, the administrator for Long-Term Disability claims" (ADMIN 163–64). In short, MetLife both funded the benefits to be paid under the Plan and, as claims administrator, determined eligibility for benefits. Defendants do not deny this fact. They state in their reply brief that the SPD "discloses that LTD [long-term disability] benefits are insured by MetLife" and referred to "MetLife, the LTD claim administrator" (Reply 2).

## ANALYSIS

Plaintiff argues that he is entitled to obtain evidence through discovery regarding MetLife's conflict of interest. "The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest; the decision on the merits, though, must rest on the administrative record once the conflict (if any) has been established by extrinsic evidence or otherwise." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). Plaintiff further cites *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949 (9ths Cir. 2007), for the proposition that a plaintiff has a right to discovery to show a conflict of interest.[1]

While the Ninth Circuit in *Welch* did not explicitly hold that a plaintiff had the *right* to discovery; it held that a plaintiff *may* have some discovery. "Because an ERISA plaintiff may be permitted to supplement the administrative record with evidence of a conflict of interest on the part of the defendant, we agree with [plaintiff] that *some* discovery aimed at demonstrating a conflict of interest may have been appropriate." *Welch*, 480 at 949–50 (emphasis in original). It is up to the district court's discretion as to whether or not an ERISA plaintiff may take additional discovery to show conflict of interest.

This order finds that plaintiff should be allowed further discovery. Plaintiff alleges that MetLife was conflicted; MetLife both funded the plan and determined whether or not to pay benefits. Plaintiff also contends that MetLife relied on the faulty reports of biased medical reviewers. This is the kind of potential conflict that justifies granting more discovery. The Ninth Circuit has "require[d] abuse of discretion review whenever an ERISA plan grants discretion to the plan administrator, but a review informed by the nature, extent, and effect on

---

[1] Unless indicated otherwise, internal citations are omitted from all cites.

2

the decision-making process of any conflict of interest that may appear in the record. This standard applies to the kind of inherent conflict that exists when a plan administrator both administers the plan and funds it, as well as to other forms of conflict." *Abatie*, 458 F.3d at 967. As discussed earlier, a district court may consider extrinsic evidence to consider the conflict of interest. This will help us determine how much weight to give an alleged conflict of interest when reviewing MetLife's denial-of-benefits decision. Because more discovery is needed on this matter, this order will not yet reach a decision on the merits.[2]

Plaintiff will be reminded, however, that "such discovery must be narrowly tailored and cannot be a fishing expedition." *Groom v. Standard Ins. Co.*, 492 F. Supp. 2d 1202, 1205 (C.D. Cal. 2007). It must be limited to requests that are relevant to the "nature, extent, and effect on the decision-making process of any conflict of interest." Furthermore, any decision on the merits "must rest on the administrative record once the conflict (if any) has been established, by extrinsic evidence or otherwise." *Abatie*, 458 F.3d at 970.

## CONCLUSION

Plaintiff's request to conduct limited discovery on the issue of whether MetLife's determination was influenced by a conflict of interest is **GRANTED**. The Court approves the general discovery plan laid out by plaintiff's counsel. Deposition and document discovery is also appropriate on the extent to which MetLife and medical reviewers were aware of any anti-claimant track record by the doctor in question.

Discovery shall be completed by **MAY 15, 2008.** Plaintiff can then file a cross-motion for summary judgment and a supplemental opposition to defendant's original motion for summary judgment by **MAY 22, 2008**. Defendant's opposition to the cross-motion and reply to the original summary judgment motion are due on **JUNE 5, 2008**. Plaintiff's reply to the cross-motion is due on **JUNE 12, 2008.** The hearing on this matter is set for **JUNE 26, 2008.**

---

[2] The parties dispute what standard should be used when reviewing MetLife's denial-of-benefits decision. "When a plan confers discretion, abuse of discretion review applies; when it does not, de novo review applies." *Abatie*, 458 F.3d at 965. Plaintiff argues that *de novo* review, the default standard in ERISA, applies because the Plan failed to adequately delegate discretion to MetLife. This issue need not be reached until discovery has been taken regarding MetLife's potential conflict of interest.

3

Please turn immediately to discovery so there will be enough time to resolve any discovery disputes should they arise.

**IT IS SO ORDERED.**

Dated: February 14, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4