SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
    email: rebecca.hull@sdma.com

Attorneys for Defendant
KAISER PERMANENTE FLEXIBLE
BENEFITS PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GRACEY,<br><br>        Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE FLEXIBLE BENEFITS PLAN,<br><br>        Defendant. | CASE NO. C 07-03853 (VRW)<br><br>**DEFENDANT KAISER PERMANENTE FLEXIBLE BENEFITS PLAN'S OBJECTIONS TO PLAINTIFF'S EVIDENCE OFFERED IN OPPOSITION TO SUMMARY JUDGMENT MOTION**<br><br>**DATE: MAY 1, 2008**<br>**TIME: 2:30 P.M.**<br>**COURTROOM: 6**<br>**JUDGE: HON. VAUGHN R. WALKER** |

Defendant Kaiser Permanente Flexible Benefits Plan ("Plan") objects to the following evidence offered in support of plaintiff Donald Gracey's opposition to the Plan's motion for summary judgment:

### Declaration of Donald Gracey

The Plan objects to the Declaration of Donald Gracey in its entirety, because it is not relevant to any issue raised in the Plan's pending motion for summary judgment.

Paragraph 2:   The Plan objects to the statements in this paragraph because they are irrelevant to the issue of whether the Plan's claim administrator abused its discretion in denying plaintiff's claim for benefits under the Plan. Resolution of an ERISA claim for benefits is made from the administrative record, and not from extrinsic evidence, particularly where, as here, the

1  Plan includes a grant of discretion to the fiduciary whose decision is in issue. *See, e.g.,*
2  *Mongeluzo v. Baxter Travenol Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1993).
3        The Plan further objects to Exhibit A to the Gracey Declaration, on the following
4  grounds: First, it is hearsay if offered for the truth thereof (and plaintiff plainly wishes to have
5  the Court treat it as evidence that plaintiff is in fact disabled). Second, it is not authenticated in
6  any manner, and its receipt by plaintiff has no independent legal significance. Third, the matters
7  stated within it are irrelevant to the issue of whether plaintiff is disabled under the Plan, because
8  Social Security standards of disability are different from the standards of disability applicable
9  under the Plan. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832 (2003).
10       Paragraph 3:   The Plan objects to the statements made in paragraph 3, as irrelevant to the
11 issues before the Court. Plaintiff's brief in opposition to the Plan's motion for summary
12 judgment attempts to suggest that the amount of his Social Security award is relevant to a
13 calculation of damages, and therefore the information is relevant and admissible. In fact, no
14 issues about calculation of benefits is raised in the Plan's motion, and plaintiff himself has made
15 no motion. Moreover, even if plaintiff had made a motion and prevailed, the Court would not
16 calculate benefits, but would remand the matter to the Plan's claim administrator for calculation.

Declaration of Michael Kinney

18       Paragraphs 4-6: The Plan objects to these paragraphs as irrelevant to the issues raised in
19 the Plan's motion for summary judgment. Plaintiff attempted, through the referenced
20 conversations, to induce the Plan to agree to standard "insurance bad faith" discovery, and the
21 Plan declined because such discovery is not relevant this case.
22       Paragraphs 7-8: The Plan objects to these paragraphs as irrelevant to the issues raised in
23 the Plan's motion for summary judgment. Moreover, plaintiff's referenced demand that the Plan
24 provide documents and information that plainly were not within its possession or control is
25 irrelevant, as the Plan explained to plaintiff's counsel at the time. Further, the information even
26 if provided by the Plan's claim administrator, which is not a party to this litigation, would not be
27 relevant or probative of the issue of whether the claim administrator made its decision as a result
28 of a conflict of interest, for the reasons discussed in the Plan's reply brief concurrently filed.

Paragraph 10: The Plan objects to this paragraph as irrelevant and hearsay. The assertion is irrelevant, because the only relevant evidence is the evidence contained in the administrative record – which includes a contemporaneous recordation of the statement by plaintiff's counsel that his client's claim was not made on the basis of an alleged psychiatric disability. *See* ADMIN 79. Moreover, the Plan notes and calls to the Court's attention the artful wording of the statements made therein. Specifically, although paragraph 10 denies that the witness on March 8, 2007, spoke to the same person who signed the appeal denial letter, the witness does not deny having made the statement to the person to whom he admits speaking on March 8, 2007. It appears from internal references in the appeal denial letter that there likely was a last minute change in the identity of the person who signed the letter, and it was an oversight that the letter was not revised to reflect the name of the person to whom the witness actually made that statement on March 8. *See also* discussion at page 5, footnote 7, of the Plan's reply in support of its summary judgment motion.

Dated: March 13, 2008                    SEDGWICK, DETERT, MORAN & ARNOLD LLP

                                         By _____
                                            Rebecca A. Hull

                                         Attorneys for Defendant
                                         KAISER PERMANENTE FLEXIBLE BENEFITS
                                         PLAN