MICHAEL E. KINNEY
California Bar No. 77018
LAW OFFICE OF MICHAEL E. KINNEY
438 First St.
Fourth Floor
Santa Rosa, CA  95401
(707) 527-4141
Fax (707) 579-9561
email: kinney@kinnlaw.com

Attorney for Plaintiff
DONALD GRACEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONALD GRACEY,

        Plaintiff,

vs.

KAISER PERMANENTE FLEXIBLE BENEFITS PLAN,

        Defendant.
_____/

No.  C 07-03853 VRW

PLAINTIFF'S SUPPLEMENTAL BRIEF ON METROPOLITAN LIFE INS. CO. v. GLENN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Date:  August 28, 2008
Time:  2:30 p.m.
Ctrm:  6

        COMES NOW PLAINTIFF, DONALD GRACEY, and, offers the following Supplemental Brief in Opposition to Defendant's Motion for Summary Judgment.

I.

INTRODUCTORY STATEMENT

        On May 22, 2008, Defendant's Motion for Summary Judgment came on for hearing before this Court.  At the hearing, the Court pointed out that the United States Supreme Court was considering Metropolitan Life Ins. Co. v. Glenn, a case that presented some issues similar to those presented here.  This Court decided to await the outcome of the Glenn case.  It ordered both parties to submit supplemental briefing on the Glenn case, and it reset the hearing on the Motion for Summary Judgment for August 28, 2008.

On June 19, 2008, the United States Supreme Court issued its decision in <u>Metropolitan Life Ins. Co. v. Glenn</u>, 128 S. Ct. 2343 (2008). This decision leaves Ninth Circuit precedent unaltered, and in particular does not alter the Ninth Circuit's holding in <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006) . Thus, this Court may now go forward based on the cases cited in the moving and opposing papers previously filed herein.

## II.

## THE LEGAL PRINCIPLES ENUNCIATED IN GLENN

<u>Glenn</u> involved a plan that granted discretionary authority to MetLife to determine "whether an employee's claim for benefit is valid." <u>Glenn</u> at 2346. Here, the Court has not yet determined whether a MetLife received a grant of discretion, and Plaintiff argues that such discretion has not been granted to MetLife. If the Court rules that the Plan has not granted discretion to MetLife, this Court will utilize a de novo standard of review.

As here, the claimant in <u>Glenn</u> suffered from a bad heart. Id. at 2346. The Supreme Court noted that five factors figured in the Sixth Circuit's decision to reverse MetLife's denial of benefits: MetLife's conflict of interest; MetLife's failure to reconcile its conclusion with the contrary conclusion of the Social Security Administration; MetLife's failure to pay attention to a detailed physician report; MetLife's failure to provide all of the claimant's physician reports to MetLife own experts; and MetLife's failure to take account of evidence indicating that stress aggravated Glenn's condition. Id. at 2347. In the instant matter, Plaintiff has pointed to similar factors. Most significantly, as in <u>Glenn</u>, MetLife has failed to take stress into account here. Thus, there is reason to believe that MetLife has a policy or practice of ignoring the impact of stress on the heart. Such a policy or practice should invalidate MetLife's decision here, regardless of the standard of review.

The <u>Glenn</u> Court determined that, as a matter of law, an insurance company that both pays and administers claims has a conflict of interest. Id. at 2349. While this may affect a change in how other Circuits view insurance companies under ERISA, it does not mark a change in the jurisprudence of the Ninth Circuit, which already held that such insurers had a conflict. See, e.g., <u>Abatie</u>, supra at 965 (9th Cir. 2006); <u>Saffon v. Wells Fargo & Co. Long Term Disability Plan</u>,

1  522 F.3d 863, 868 (9th Cir. 2008).

2  The <u>Glenn</u> court's analysis highlights the ERISA statutory requirement that the insurer discharge its duties in respect to discretionary claims processing "solely in the interests of participants and beneficiaries."  Id at 2350.  Thus, if MetLife considered its own interests at all, it violated this rule of law.   Any decision made by MetLife that took into account its own interests would therefore rest on an error of law, and, in and of itself, would constitute an abuse of discretion.  See, e.g., <u>Metrophones Telecomm., Inc. v. Global Crossing Telecomm., Inc</u>., 423 F.3d 1056, 1062 (9th Cir. 2005).

<u>Glenn</u> holds that the insurer's conflict is one factor that the Court must take into account when reviewing a benefit decision.  Id. at 2351.  <u>Abatie</u> agrees.  <u>Abatie</u> at 966.  <u>Glenn</u> refuses to provide the lower courts with a "detailed set of instructions," pointing out that there are "no talismanic words that can avoid the process of judgment." Id. at 2352.  <u>Abatie</u> agrees:  "We believe that district courts are well equipped to consider the particulars of a conflict of interest, along with all the other facts and circumstances, to determine whether an abuse of discretion has occurred."  Thus, <u>Glenn</u> is consistent with <u>Abatie</u>.  <u>Abatie</u> offers somewhat more specific advice to the trial courts than <u>Glenn</u>, which limits itself to laying down general principles.  Since the principles laid down in <u>Glenn</u> are the same as those laid down in <u>Abatie</u>, this Court is compelled to follow <u>Abatie</u>.

III.

FOLLOWING THE GLENN DECISION, COURTS IN THIS CIRCUIT HAVE AFFIRMED THAT ABATIE REMAINS THE LAW.

Since the Supreme Court announced its decision in <u>Glenn</u>, the Ninth Circuit and some District Courts have had occasion to address the continued efficacy of <u>Abatie</u>.

In <u>Wilcox v. Wells Fargo and Company Long Term Disability Plan </u>(9th Cir. July 23, 2008) 2008 U.S. App. LEXIS 15713, the Ninth Circuit considered the impact of the <u>Glenn</u> decision on its holding in <u>Abatie</u>, concluding that the <u>Glenn</u> decision "endorsed" the approach laid out in <u>Abatie</u>, particularly as to the right to conduct discovery outside the administrative record. <u>Wilcox</u> at 3-4.

1   District Courts have similarly ruled that there is no inconsistency between <u>Abatie</u> and <u>Glenn</u>. See, e. g., <u>Broyles v. A.U.L. Corp. Long-Term Disability Ins</u>. (N.D. Cal July 28, 2008) 2008 U.S. Dist. LEXIS 60337 (Chesney, J.); <u>Sluimer v. Verity, Inc</u>., (N.D. Cal July 22, 2008) 2008 U.S. Dist. LEXIS 55636 (Illston, J.).

Thus, <u>Abatie</u> is still good law and, to the extent that "abuse of discretion" analysis is appropriate, this Court should allow Plaintiff to conduct discovery along the lines set out in the Plaintiff's Opposition to Defendant's Motion for Summary Judgment.

Dated: August 14, 2008                           LAW OFFICE OF MICHAEL E. KINNEY


By:   /s/
      Michael E. Kinney
      Attorney for Plaintiff