```
 1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
    REBECCA A. HULL  (CA Bar No. 99802)
 2  One Market Plaza
    Steuart Tower, 8th Floor
 3  San Francisco, California 94105
    Telephone: (415) 781-7900
 4  Facsimile: (415) 781-2635
    Email:      rebecca.hull@sdma.com
 5
    Attorneys for Defendant
 6  KAISER PERMANENTE FLEXIBLE
    BENEFITS PLAN
 7

 8  MICHAEL E. KINNEY
    California Bar No. 77018
 9  LAW OFFICE OF MICHAEL E. KINNEY
    438 First St.
10  Fourth Floor
    Santa Rosa, CA  95401
11  (707) 527-4141
    Fax (707) 579-9561
12  email: kinney@kinnlaw.com

13  Attorney for Plaintiff
    DONALD GRACEY
14
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GRACEY, | No.  C 07-03853 VRW |
| Plaintiff, | JOINT CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | DATE:  September 25, 2008<br>TIME:  2:30 p.m. |
| KAISER PERMANENTE FLEXIBLE BENEFITS PLAN, | JUDGE: Hon. Vaughn R. Walker<br>PLACE: Courtroom 6 |
| Defendant. | |

Pursuant to the Federal Rules of Civil Procedure, Rule 26(f), the Local Rules of this Court, and this Court's Order, Plaintiff Donald Gracey ("Gracey") and Defendant Kaiser Permanente Flexible Benefits Plan (the "Plan" or "Defendant"), by and through their respective

counsel of record, hereby submit this Joint Case Management Conference Statement. This is a Subsequent Case Management Statement filed in accordance with Local Rule 16-10(d), and is limited to reporting progress or changes since the last statement was filed and making proposals for the remainder of the case development process.

Progress or changes since the last statement have taken place in the following areas:

### 8.  Discovery.

At the original Case Management Conference, the Court denied Plaintiff's request to commence discovery. On May 22, 2008, the Court permitted Plaintiff to seek a document that Plaintiff contended was relevant to whether the Court should utilize the de novo standard of review. The Court again denied Plaintiff's request to propound other discovery.

Following the Court's ruling of May 22, 2008, Plaintiff propounded a Request for Production of Documents to Defendant. Defendant duly responded and produced a document sought by the discovery.

There remains considerable dispute between the parties as to whether further discovery should be permitted and, if so, the scope thereof. Plaintiff contends that further discovery is needed to develop evidence relevant to the "level of skepticism" per <u>Abatie v. Alta Health & Life Ins. Co.</u>, 458 F.3d 955 (9th Cir. 2006).

Defendant disputes the need for further discovery, and disagrees with plaintiff's argument regarding the meaning and impact of <u>Abatie</u> and <u>Metropolitan Life Insurance Co. v. Glenn</u>, 554 U.S. __, 128 S.Ct. 2343 (2008). Under <u>Glenn</u>, in particular, no further discovery is necessary or appropriate, given that in <u>Glenn</u>, the Supreme Court established that where as here a structural conflict of interest exists as a matter of law, leaving nothing to be discovered in that regard. Further, as discussed in defendant's brief on the subject of <u>Glenn</u>, the Supreme Court rejected the proposition that a structural conflict should give rise to special procedural or evidentiary rules, holding instead that the existence of a conflict is merely one of many factors that the district court will consider in determining whether a particular claim decision was an abuse of discretion.

The parties agree that the propriety of further discovery and, if discovery is to be

permitted, the scope thereof, is addressed in some detail in connection with Defendant's Motion for Summary Judgment which is being heard together with this Case Management Conference. The parties expect the Court to make rulings that will determine what, if any, further discovery will be permitted.

12. **Settlement and ADR.**

On January 17, 2008, the parties participated in a full day of mediation. It does not appear that further ADR procedures are likely to be fruitful, and at this time settlement does not appear likely.

17. **Scheduling**.

Scheduling is dependent on the scope of further discovery permitted by the Court. The Court should allow a reasonable time to complete any further discovery, and then should allow thirty days following the close of discovery for the parties to submit briefs pursuant to Rule 52(c).

18. **Trial.**

This matter will be tried to the Court pursuant to Rule 52 of the Federal Rules of Civil Procedure. It appears that all of the evidence will be documentary in nature, and that written motions pursuant to Rule 52(c) should be presented. Oral argument is not likely to take more than two hours of court time.

Dated: Sept. 3, 2008          LAW OFFICE OF MICHAEL E. KINNEY

                              By: _____
                                  Michael E. Kinney
                                  Attorney for Plaintiff

Dated: Sept. 4, 2008          SEDGWICK, DETERT, MORAN & ARNOLD LLP

                              By: _____
                                  Rebecca A. Hull
                                  Attorney for Defendant